299 So.2d 46 (1974)
Grady Trace TESTER, a/K/a Grady Trace Lester, Appellant,
v.
NATIONAL CREDIT EXCHANGE, INC., a Florida Corporation, Appellee.
No. U-91.
District Court of Appeal of Florida, First District.
August 29, 1974.
Lynn M. LoPucki, Schwartz, Schwartz & LoPucki, Gainesville, for appellant.
No appearance for appellee.
McCORD, Judge.
This is an appeal from a final judgment entered upon a motion for judgment on the pleadings. We were not favored with either a brief or oral argument by appellee, appellee's counsel having filed a notice that appellee requested that he not appear as appellate counsel. Appellant, Grady Trace Tester, a/k/a Grady Trace Lester (plaintiff below) filed complaint against appellee, National Credit Exchange, Inc. (defendant below) alleging that on or about May 16, 1973, appellee was engaged in the collection of a consumer claim from appellant on behalf of Alachua General Hospital; that in furtherance of appellee's efforts *47 to collect the claim, appellee mailed to appellant a "Final Demand Before Suit," Copy of such document is as follows:
 FINAL DEMAND BEFORE SUIT
 Alachua General Hospital, Assignor |
 (c/o National Credit Exchange, Inc., Assignee) > CREDITOR
 P.O. Box 260, Gainesville, Florida 32601 |
 Mr. Grady Trace Lester |
 2463 S.E. 10th Avenue > DEBTOR
 Gainesville, Florida 32601 |
 TAKE NOTICE, That the above named CREDITOR hereby makes demand on you for
 payment of the sum of $18.00 which is now due by you and payable to us.
 NOW THEREFORE, unless said amount is paid us in the City of Gainesville
 County of Alachua State of Florida within Five(5)
 days from date hereof; or you make satisfactory adjustment thereof, SUIT
 WILL BE NECESSARY, evidence will be submitted to the Court to prove such
 indebtedness, and the case maintained to a conclusion for a judgment on
 the account in full, plus interest to that date, and court costs and
 disbursements, in law according to the statute in such case provided.
 Dated at Gainesville, Fl. this 16th day of May A.D. 19 73
Appellant sought $500 actual damages, punitive damages, attorneys' fees, costs and an injunction against appellee enjoining further violations of Chapter 559, Florida Statutes.
Section 559.72, Florida Statutes, provides in pertinent part as follows:
"In collecting consumer claims, whether or not licensed by the division, no person shall:
* * * * * *
(10) Use a communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency, or attorney-at-law, when it is not; ..."
Section 559.77, Florida Statutes, provides in pertinent part as follows:
"(1) A debtor may bring a civil action against a person violating the provisions of this part in the circuit court of the county in which the alleged violator resides or has his principal place of business or in the county wherein the alleged violation occurred. Upon adverse adjudication, the defendant shall be liable for actual damages or five hundred dollars; whichever is greater, together with court costs and reasonable attorney's fees incurred by the plaintiff. The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part ..."
Appellee filed an answer in which it admitted the above stated allegations of the complaint but specifically denied any violation of the statute "thereby causing damage to plaintiff" and affirmatively pled that the complaint failed to state a cause of action upon which relief might be granted.
*48 Appellant, in his brief and argument, contends that appellee's "demand" violates the above statute in that it simulates legal or judicial process and appellant points out that under the wording of the statute, the communication is a violation if it simulates such process in any manner. Appellant further contends that the "demand" violates the statute in that it gives the appearance of being issued or approved by a governmental agency.
Appellant argues that the "Final Demand Before Suit" informs the recipient that a legal proceeding is about to begin, just as a summons does; that it brackets the names of the "creditor" and "debtor" in a manner similar to the style on a summons; that the last line is identical to that used on court orders in the Eighth Judicial Circuit where the case originates; that the phrases "take notice" and "now therefore" are capitalized in the same manner as is usually done when these phrases appear in legal process; that such similarity is not accidental since these phrases are not ordinarily used in business correspondence; that it not only names the city, county and state but does so by fill-in-the-blank technique similar to that used by some law firms; that the phrase "in law according to the statute in such case provided" is a phrase in common use in criminal and judicial process in the State of Florida and would be uncommon outside of legal documents; that it uses a considerable amount of legal terminology including the terms "evidence", "judgment on the account", "now due ... and payable", and "from date hereof" and the type employed is similar to that used on judicial process in both point and style. Appellant contends that, considered as a whole, the "Final Demand Before Suit" gives the appearance to laymen that it was authorized or issued by a governmental agency when it is not. Appellant further contends that had he not been foreclosed from doing so by the judgment on the pleadings, he could have produced evidence to show that the "demand" simulates judicial process.
In considering a motion for judgment on the pleadings, the facts alleged in the complaint must be taken as true and the question is whether or not on those facts plaintiff has stated a cause of action. It is the same test that is applied on a motion to dismiss the complaint for failure to state a cause of action. Reinhard v. Bliss, Fla., 85 So.2d 131; Butts v. State Farm Mutual Automobile Ins. Co., Fla.App.3rd, 207 So.2d 73.
We find that the complaint stated a prima facie cause of action under the statute and that the trial court erred in entering final judgment on the pleadings.
Reversed and remanded for further proceedings consistent herewith.
RAWLS, C.J., and JOHNSON, J., concur.