TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00414-CV







James Elston, Individually and on Behalf of All Others Similarly Situated, Appellant


v.


Resolution Services, Inc., Appellee





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT

NO. 95-06720, HONORABLE JOSEPH H. HART, JUDGE PRESIDING





 Appellant James Elston sued Appellee Resolution Services, Inc., for alleged violations of
the Debt Collection Act (the Act). See Tex. Rev. Civ. Stat. Ann. arts. 5069-11.01 to 11.12 (West 1987
& Supp. 1997). The district court granted Resolution Services summary judgment, from which Elston
appeals. We will affirm the district court's judgment.


THE CONTROVERSY

 This dispute began when Elston fell behind on his credit card payments and Resolution
Services attempted to collect the debt. At that time, the Act required debt collection letters to contain the
street address of the collector. See Act of May 19, 1973, 63d Leg., R.S., ch. 547, § 5, 1973 Tex. Gen.
Laws 1513 (Tex. Rev. Civ. Stat. Ann. art. 5069-11.05(e), since amended). While this lawsuit was
pending in district court, the legislature amended the statute to require debt collection letters to contain a
street address or a post office box and a phone number of the collector. See Tex. Rev. Civ. Stat. Ann.
art. 5069-11.05(e) (West Supp. 1997). Resolution Services sent Elston three letters. None contained
Resolution Services' street address, but they did contain the post office box and toll-free phone number
of Resolution Services. 

 Furthermore, the Act prohibited (and still does) businesses like Resolution Services from
attempting to collect debts without having a surety bond filed with the secretary of state. See Tex. Rev.
Civ. Stat. Ann. art. 5069-11.07(e) (West Supp. 1997). When it attempted to collect the debt from Elston,
Resolution Services did not have a bond on file with the secretary of state. While this lawsuit was pending
in district court, Resolution Services filed the required surety bond.

 In response to Resolution Services' actions, Elston sued in district court, seeking $100 per
alleged violation of the Act and seeking an injunction requiring Resolution Services to comply with the bond
requirement in the future. Resolution Services moved for summary judgment, alleging: (1) it did not violate
the street address requirement because the subsequent amendment to the Act made the inclusion of a post
office box number and telephone number sufficient; (2) Elston failed to prove the omission of the street
address rendered the letters fraudulent, deceptive, or misleading, as required by the Act; and (3) Elston
failed to prove actual damages caused by the alleged violations, as required by the Act. Elston responded
and moved for partial summary judgment, alleging: (1) the subsequent amendment to the Act was
unconstitutional and therefore did not bring the letters into compliance with the Act; (2) he was not required
to prove the alleged violations rendered the letters fraudulent, deceptive, or misleading; (3) he was not
required to prove actual damages because the Act provided an automatic penalty for the alleged violations;
and (4) in any event, he had produced evidence of actual damages. The trial court granted Resolution
Services' motion for summary judgment and denied Elston's motion for partial summary judgment. The
court did not, however, state the basis for its ruling. 

 Elston appeals the trial court's ruling in two points of error. He specifically challenges the
ruling insofar as it pertains to his request for damages. He does not expressly challenge the ruling insofar
as it pertains to his request for an injunction.


STANDARD OF REVIEW

 The standards of review of a summary judgment are well settled: (1) the movant must show
there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding
whether there is a disputed material fact issue precluding summary judgment, the court must take evidence
favorable to the nonmovant as true; and (3) the court must indulge every reasonable inference in favor of
the nonmovant and resolve any doubts in the nonmovant's favor. Nixon v. Mr. Property Management
Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 A defendant seeking summary judgment based on a plaintiff's inability to prove his case
must conclusively disprove at least one element of each of the plaintiff's causes of action. Lear v. Siegler,
Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991). Only when the defendant disproves one of the essential
elements of a cause of action does the plaintiff carry the burden of producing controverting evidence and
raising a fact issue as to the negated element. See City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678 (Tex. 1979). 


 Because the propriety of summary judgment is a question of law, we review the trial court's
decision de novo. See Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994). When a trial court
does not state the basis for its decision in its summary-judgment order, we must uphold the order if any of
the theories advanced in the motion are meritorious. Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 79
(Tex. 1989). Conversely, we must reverse the order if we find no valid legal basis in the motion. Because
the trial court did not state the basis for its ruling, we will assume for purposes of this opinion that the court
agreed with each of Resolution Services' contentions in its motion.


DISCUSSION

 In his first point of error, Elston challenges the district court's ruling as it relates to the
alleged violation of the bond requirement. In his second point of error, Elston challenges the court's ruling
as it relates to the alleged violations of the street address requirement. Elston raises virtually all of the issues
argued in the summary-judgment proceedings under the two points of error; however, his arguments about
actual damages are common to both points. Even if we assume that (1) the subsequent amendment was
unconstitutional, (2) Resolution Services violated the applicable statute, and (3) Elston was not required
to prove the alleged violations were fraudulent, misleading, or deceptive, Elston cannot recover for either
alleged violation unless he prevails on his actual damages arguments. Because we can resolve the entire
case by deciding the actual damages issues, we need not discuss the other aspects of Elston's points of
error. For purposes of discussing the actual damages issues, we will assume without deciding that Elston's
other arguments are sustainable.

 Elston first contends the district court erred in granting summary judgment for Resolution
Services on the basis that he was required to prove actual damages in order to recover under the Act. 
Elston sued under the section of the Act entitled "Civil remedies," which reads in relevant part:


(a) Any person may seek injunctive relief to prevent or restrain a violation of this Act
and any person may maintain an action for actual damages sustained as a result
of a violation of this Act.


* * * .

(c) A person who successfully maintains an action under this article shall be
awarded at least $100 for each violation of this Act.



Tex. Rev. Civ. Stat. Ann. art. 5069-11.10(a) (West 1987); Act of May 23, 1993, 73d Leg., R.S., ch.
813, § 2, 1993 Tex. Gen. Laws 3248 (Tex. Rev. Civ. Stat. Ann. art. 5069-11.10(c), since amended)
(emphasis added). Elston argues subsection (c) provides a cause of action independent of subsection (a). 
He reasons, therefore, that a person who establishes a violation of the Act is automatically entitled to the
measure of damages set forth in subsection (c), without regard to whether the person has suffered actual
damages or otherwise successfully maintained an action under subsection (a).

 Resolution Services, on the other hand, argues subsection (a) provides the only authority
to sue under the Act. Subsection (c), according to Resolution Services, is a remedial provision applicable
only when the requirements of subsection (a) are met.

 No other court has addressed the question of whether recovery under article 5069-11.10(c) depends on success under article 5069-11.10(a). In construing a statute, we attempt to
harmonize related provisions and give meaning and effect to the words the legislature used. See Black v.
American Bankers Ins. Co., 478 S.W.2d 434, 437 (Tex. 1972). The legislature limited the group of
persons eligible for $100 under subsection (c) to those who successfully maintain an action under "this
article," not "this subsection." The article referenced is article 5069-11.10, which includes both
subsections (a) and (c). We hold subsection (c) effectively conditions recovery of the $100 award on
successful maintenance of a suit under subsection (a). This interpretation harmonizes the two subsections
of the article and gives effect to the legislature's choice of the word "article" as opposed to "subsection."

 Elston argues his construction supports the policy behind the statute. Specifically, Elston
contends imposition of an automatic minimum statutory penalty would coerce debt collectors to comply
with the Act. That may be true. However, we must attempt to give effect to all the words in article 5069-11.10. When we do so, we are not convinced the legislature intended to impose an automatic minimum
penalty unrelated to successful maintenance of a suit under subsection (a). Furthermore, our construction
of the statute does not excuse errant debt collectors from paying penalties. On the contrary, our
interpretation requires them to pay damages in excess of those actually suffered when the prevailing party
does not suffer $100 worth of damages. Moreover, persons who violate the Act are subject to criminal
penalties from $100 to $500 under a different article. See Tex. Rev. Civ. Stat. Ann. art. 5069-11.09
(West 1987).

 Elston also cites statutes from other jurisdictions to support his argument. See Fla. Stat.
Ann. § 559.77 (West 1996); (1) Iowa Code Ann. § 537.5201 (West 1996). (2) We concede that other states
may have written their debt-collection statutes more clearly than did Texas. However, other courts'
constructions of those statutes does not in any way shed light on the proper construction of the Texas Act.

 Elston next reasons that, even if recovery of the $100 award is conditioned on satisfaction
of subsection (a), a person may satisfy subsection (a) without proving actual damages. This is a plausible
argument, because subsection (a) authorizes suits for injunction. We need not answer the question of
whether successful maintenance for a suit for injunction under subsection (a) gives rise to an award of $100
under subsection (c). The trial court denied Elston's request for an injunction, and Elston does not
expressly challenge that denial. Even if he did, we would uphold the trial court's action. Elston admits
Resolution Services filed a bond with the secretary of state while the lawsuit was pending in district court. 
The issue is, therefore, moot. See Texas Parks & Wildlife Dep't v. Texas Ass'n of Bass Clubs, 622
S.W.2d 594, 596 (Tex. Civ. App.--Austin 1981, writ ref'd n.r.e.). It does not fall within the exceptions
to the mootness doctrine. See General Land Office v. OXY U.S.A., Inc., 789 S.W.2d 569, 571 (Tex.
1990). Because Elston could not recover under the injunction provision of subsection (a), the only way
he could obtain the minimum award of $100 was to prove some actual damages. 

 Resolution Services argued in its summary-judgment motion that Elston failed to produce
evidence of actual damages. Consequently, we must determine whether Elston produced controverting
proof of actual damages.

 The only proof Elston offered on the issue of actual damages was his personal affidavit. 
In the affidavit, Elston stated,


The stress of my financial situation, my inability to pay creditors and debt collectors calling
me and writing me about my debt affected my work performance and aggravated old knee
and shoulders injuries. I experienced anxiety, sleeplessness and stress. It created stress
in my marriage and other relationships. The efforts of Resolution Services, Inc. to collect
the . . . debts significantly contributed to my stress and anxiety, seriously upset my wife and
me. When I learned that Resolution Services, Inc. did not even have the right to collect
debt in Texas because they did not file a surety bond, I was stunned that a debt collector
would break the law to attempt to collect my debt. I felt that Resolution Services, Inc. had
taken advantage of me as a consumer. . . .



These statements suggest Elston suffered actual damages as a result of his inability to pay his debts and
Resolution Services' attempt to collect the debts. They also reveal Elston was subjectively surprised to
learn that Resolution Services was not in compliance with the bond requirement when it attempted to collect
the debts. 

 The statements do not, however, reveal Elston suffered actual damages as a result of
Resolution Services' failure to file a bond or its failure to put a street address on its letters. That Elston was
"stunned" does not in this context establish he suffered a compensable injury. Cf. Parkway v. Woodruff,
901 S.W.2d 434, 442-45 (Tex. 1995) (expressions of emotions such as anger, frustration, and vexation
are not enough to establish mental anguish damages under the DTPA). Elston alleges various physical and
psychological injuries but does not link them to the actual violations of which he complains. The Act
requires such a link. It provides a cause of action for "actual damages sustained as a result of a violation
of this Act." Tex. Rev. Civ. Stat. Ann. art. 5069-11.10(a) (emphasis added.) Because Elston failed to
establish conclusively in his response to the motion for summary judgment that he suffered actual damages
related to the alleged violations, he failed to carry his burden of proof in the summary-judgment proceeding. 
The trial court did not err in granting Resolution Services' motion and denying Elston's motion. We
overrule both of Elston's points of error.


CONCLUSION

 We have held that article 5069-11.10(c) provides a minimum amount of damages for
parties who successfully prove violations of the Debt Collection Act under article 5069-11.10(a). We
reserve the question of whether subsection (c) damages are available to a party who obtains an injunction
under subsection (a), because the facts of this case do not require us to address that issue. We have also
held that Elston did not provide summary-judgment proof that he suffered actual damages resulting from
Resolution Services' alleged violation of the Act. We, therefore, affirm the judgment of the trial court.



 __________________________________________

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: July 24, 1997

Publish
1. The Florida provision Elston cites reads:


A debtor may bring a civil action against a person violating the provisions of s. 559.72 in
a court of competent jurisdiction of the county in which the alleged violator resides or has
his principal place of business or in the county wherein the alleged violation occurred. 
Upon adverse adjudication, the defendant shall be liable for actual damages or $500,
whichever is greater, together with court costs and reasonable attorneys' fees incurred by
the plaintiff.


Fla. Stat. Ann. § 559.77 (West 1996). Elston cites a Florida case for the proposition that a plaintiff need
not recover actual damages to be entitled to statutory damages under this provision. See Tester v.
National Credit Exchange, Inc., 299 So.2d 46 (Fla. Dist. Ct. App. 1974).
2. The Iowa provision Elston cites reads:


The consumer, other than a lessee in a consumer rental purchase agreement, has a cause
of action to recover actual damages and in addition a right in an action other than a class
action to recover from the person violating this chapter a penalty in an amount determined
by the court, but not less than one hundred dollars nor more than one thousand dollars, if
a person has violated this chapter. . . .


Iowa Code Ann. § 537.5201 (West 1996). Elston cites an Iowa case for the proposition that a plaintiff
need not recover actual damages to be entitled to statutory damages under this statute. See Public
Finance Co. v. Van Blaricome, 324 N.W.2d 716, 725 (Iowa 1982).



 Roman">These statements suggest Elston suffered actual damages as a result of his inability to pay his debts and
Resolution Services' attempt to collect the debts. They also reveal Elston was subjectively surprised to
learn that Resolution Services was not in compliance with the bond requirement when it attempted to collect
the debts. 

 The statements do not, however, reveal Elston suffered actual damages as a result of
Resolution Services' failure to file a bond or its failure to put a street address on its letters. That Elston was
"stunned" does not in this context establish he suffered a compensable injury. Cf. Parkway v. Woodruff,
901 S.W.2d 434, 442-45 (Tex. 1995) (expressions of emotions such as anger, frustration, and vexation
are not enough to establish mental anguish damages under the DTPA). Elston alleges various physical and
psychological injuries but does not link them to the actual violations of which he complains. The Act
requires such a link. It provides a cause of action for "actual damages sustained as a result of a violation
of this Act." Tex. Rev. Civ. Stat. Ann. art. 5069-11.10(a) (emphasis added.) Because Elston failed to
establish conclusively in his response to the motion for summary judgment that he suffered actual damages
related to the alleged violations, he failed to carry his burden of proof in the summary-judgment proceeding. 
The trial court did not err in granting Resolution Services' motion and denying Elston's motion. We
overrule both of Elston's points of error.


CONCLUSION

 We have held that article 5069-11.10(c) provides a minimum amount of damages for
parties who successfully prove violations of the Debt Collection Act under article 5069-11.10(a). We
reserve the question of whether subsection (c) damages are available to a party who obtains an injunction
under subsection (a), because the facts of this case do not require us to address that issue. We have also
held that Elston did not provide summary-judgment proof that he suffered actual damages resulting from
Resolution Services' alleged violation of the Act. We, therefore, affirm the judgment of the trial court.



 __________________________________________

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: July 24, 1997

Publish
1. The Florida provision Elston cites reads:


A debtor may bring a civil action against a person violating the provisions of s. 559.72 in
a court of competent jurisdiction of the county in which the alleged violator resides or has
his principal place of business or in the county wherein the alleged violation occurred. 
Upon adverse adjudication, the defendant shall be liable for actual damages or $500,
whichever is greater, together with court costs and reasonable attorneys' fees incurred by
the plaintiff.


Fla. Stat. Ann. § 559.77 (West 1996). Elston cites a Florida case for the proposition that a plaintiff need
not recover actual damages to be entitled to statutory damages under this provision. See Tester v.
National Credit Exchange, Inc., 299 So.2d 46 (Fla. Dist. Ct. App. 1974).
2. The Iowa provision Elston cites reads:


The consumer, other than a lessee in a consumer rental purchase agreement, has a cause
of action to recover actual damages and in addition a right in an action other than a class
action to recover from the person violating this chapter a p