[No. 23602-8-II.   Division Two.   July 23, 1999.]
THE STATE OF WASHINGTON, *Petitioner*, v. TIMOTHY C. DUFFEY, *Respondent*.

---

34

*Russell D. Hauge, Prosecuting Attorney*, and *Pamela B. Loginsky, Deputy*, for petitioner.

*Timothy Charles Duffey*, pro se.

SEINFELD, J. — The State charged Timothy Charles Duffey[1] with barratry, RCW 9.12.010, alleging that the "Demand for Particulars" (Demand) Duffey served on the police officers who had cited him for traffic offenses purported to be or resembled a "judicial process." The trial court dismissed the charge and the State appeals. We conclude that the Demand, which neither purports to be nor resembles a court order or a document used to inform a defendant of the institution of judicial proceedings against him, does not constitute a judicial process, as the barratry statute uses that term. Thus, we affirm the dismissal of the charge.

## FACTS

The State arrested Duffey for driving with a suspended operator's license and for having no license tabs on his vehicle. After his arrest, Duffey served upon the two arresting officers a document entitled "Demand for Particulars With respect to 'C178614 & 320194'."[2] The Demand resembles a pleading and contains the following warning on the second page: "THIS IS LEGAL PROCESS, YOU ARE COMPELLED TO RESPOND."

A list of 75 questions resembling a set of interrogatories starts on the sixth page, followed by the admonition:

Failure by you to timely respond to the Demand for the Bill of particulars within ten (10) day's [sic] or as a seasonably

---

[1]Duffey prefers to go by his "proper Christian Appellation": Timothy Charles., Duffey.

[2]*According to Duffey's "Proof of Service," he also served the Demand upon* "the Prosecuting Attorney of the Bremerton Municipal Court."

requested extension will establish, will be construed as an attempt by the officers of the court to withhold full disclosure as to the nature and cause of the action(s) purportedly brought in the above Case, and will make it impossible for the Demandant to meaningfully respond to the process issued or caused to be issued by the officers of the Court and will be used as Prima Facie evidence of Fraud, Bad Faith and Criminal Intent to deprive Demandant of his right of redress, due process, and civil rights as defined in Title 42 Section(s) 1983, 1984, 1986. U.S.C.A.

Clerk's Papers at 51. Duffey signed the document as the "Demandant." The Demand does not carry the signature of a judicial officer.

In response, the State charged Duffey with one count of barratry, RCW 9.12.010. Duffey filed a *Knapstad*[3] motion, alleging that the State could not establish a prima facie case of barratry from the Demand alone. The district court granted the motion and dismissed the charge; the superior court affirmed.

This court then granted discretionary review pursuant to RAP 2.3(d)(3) to determine whether the evidence of Duffey's Demand was sufficient to establish a prima facie case of barratry.

## DISCUSSION

The barratry statute provides:

Every person who brings on his or her own behalf, or instigates, incites, or encourages another to bring, any false suit at law or in equity in any court of this state, with intent thereby to distress or harass a defendant in the suit, *or who serves or sends any paper or document purporting to be or resembling a judicial process, that is not in fact a judicial process,* is guilty of a misdemeanor; and in case the person offend-

---

[3]*State v. Knapstad*, 107 Wn.2d 346, 729 P.2d 48 (1986) (trial court may dismiss criminal charge before trial if, upon viewing the State's evidence, it determines that no reasonable trier of fact could find the essential elements of the crime beyond a reasonable doubt).

ing is an attorney, he or she may, in addition thereto be disbarred from practicing law within this state.

RCW 9.12.010 (emphasis added). This statute defines two offenses: (1) common law barratry[4] and (2) what we refer to as "simulating judicial process." Only the latter is before us.

This case turns on the meaning of the words "judicial process," as used in RCW 9.12.010. To find the meaning, we first look to the relevant statutory language. *Everett Concrete Prods., Inc. v. Department of Labor & Indus.*, 109 Wn.2d 819, 821, 748 P.2d 1112, 7 A.L.R.5TH 1086 (1988). If the term is clear and unambiguous on its face, we need not resort to methods of statutory construction. *Rettkowski v. Department of Ecology*, 128 Wn.2d 508, 515, 910 P.2d 462 (1996); *State v. Kazeck*, 90 Wn. App. 830, 833, 953 P.2d 832 (1998); *State v. McCollum*, 88 Wn. App. 977, 988, 947 P.2d 1235 (1997).

But if the term is susceptible of two or more reasonable interpretations, we will engage in statutory construction. *Washington Pub. Employees Ass'n v. Washington Personnel Resources Bd.*, 91 Wn. App. 640, 652, 959 P.2d 143 (1998); *see also State v. Ollens*, 89 Wn. App. 437, 442, 949 P.2d 407 (1998). In doing so, we construe the statute as a whole, seeking to ascertain and give effect to legislative intent and to all the statutory language. *City of Redmond v. Central Puget Sound Growth Management Hearings Bd.*, 136 Wn.2d 38, 53, 959 P.2d 1091 (1998); *City of Seattle v. Fontanilla*, 128 Wn.2d 492, 498, 909 P.2d 1294 (1996); *Washington Pub. Employees Ass'n*, 91 Wn. App. at 652. The construction of a statute is a question of law subject to de novo review. *Rettkowski*, 128 Wn.2d at 515; *Waste Management of Seattle, Inc. v. Utilities & Transp. Comm'n*, 123 Wn.2d 621, 627, 869 P.2d 1034 (1994).

No Washington statute defines "judicial process." Nor is

---

[4]Barratry, as that term is used in the common law, refers to frequently exciting and stirring up quarrels and suits at law or otherwise. 14 AM. JUR. 2D *Champerty & Maintenance* § 19, at 854 (1964).

there any legislative history indicating the Legislature's intent.[5]

The statutes that use the term "judicial process" are inconsistent as to the term's scope. Some statutes use the phrase to refer to actions the court takes to impose jurisdiction or compel compliance with its directives. *See, e.g.*, RCW 19.150.080(2)(a) ("a court order or other judicial process against the property"); RCW 35.81.120(1) ("no execution or other judicial process shall issue"); RCW 62A.9-311 ("by way of sale, creation of a security interest, attachment, levy, garnishment or other judicial process"). Other statutes infer judicial action more indirectly. *See, e.g.*, RCW 9A.82.020(2)(a) ("unenforceable . . . through civil judicial processes against the debtor"); RCW 10.95.185(7)· ("superior court . . . is the exclusive court for seeking judicial process for the privilege of attending and witnessing an execution"); RCW 11.86.051(3) ("The interest has been sold or otherwise disposed of pursuant to judicial process[.]"); RCW 19.16.250(13) ("Communicate with the debtor through use of forms or instruments that simulate the form or appearance of judicial process[.]"); RCW 62A.2A-525(3) ("The lessor may proceed . . . without judicial process if it can be done without breach of the peace[.]"); RCW 63.19.060(3) (surrender of property "other than through judicial process"); RCW 74.20.010 (funds made available by judicial process). And one statute applies the term with considerable sweep: RCW 4.24.350(1) ("a conspiracy to misuse judicial process by filing an action known to be false and unfounded").

Nor do we find any Washington case discussing the "judicial process" provision of RCW 9.12.010 or defining the scope of "judicial process." Those Washington decisions referring to "judicial process" do so in other contexts and often use the term in a broad sense. *See, e.g.*, *Williams v. Seattle Sch. Dist. No. 1*, 97 Wn.2d 215, 220, 643 P.2d 426

---

[5]The Legislature added the "judicial process" provision to the barratry statute by LAWS OF 1915, ch. 165, § 1. The provision has remained substantially unchanged to this day.

(1982) ("strict adherence to judicial process is not required to make an administrative tribunal's decision 'quasi-judicial' "); *State v. Fitzsimmons*, 94 Wn.2d 858, 620 P.2d 999 (1980) (Supreme Court's rule-making powers are " 'an integral part of the judicial process' ") (quoting *State v. Smith*, 84 Wn.2d 498, 502, 527 P.2d 674 (1974)); *Ruth v. Dight*, 75 Wn.2d 660, 664, 453 P.2d 631 (1969) (statutes of limitation provide "a qualified freedom from unending harassment of judicial process"), *superseded on other grounds as stated in Gunnier v. Yakima Heart Ctr., Inc. P.S.*, 134 Wn.2d 854, 861, 953 P.2d 1162 (1998); *In re Discipline of Simmons*, 65 Wn.2d 88, 99, 395 P.2d 1013 (1964) (attorney "cast scorn and dishonor upon the judicial process").

Because neither statute nor case law define "judicial process," we consult dictionaries for the term's common meaning. *State v. Myers*, 133 Wn.2d 26, 33, 941 P.2d 1102 (1997); *State v. Pacheco*, 125 Wn.2d 150, 154, 882 P.2d 183 (1994).[6] The common usage dictionary defines "judicial process" as "the series of steps in the course of the administration of justice through the established system of courts." WEB-

---

[6]We do not find another barratry statute containing a "judicial process" provision or any other prohibition similar to it. *Compare* RCW 9.12.010 *to* ARK. CODE ANN. § 16-22-208 (Michie 1994); CAL. PENAL CODE § 158 (West 1999); CONN. GEN. STAT. ANN. § 53-264 (West 1994); GA. CODE ANN. § 16-10-95 (Harrison 1998); IDAHO CODE § 18-1001 (1997); 720 ILL. COMP. STAT. ANN. 5/32-11 (West Supp. 1999); MISS. CODE ANN. § 97-9-11 (1994); NEV. REV. STAT. § 199.320 (1997); N.M. STAT. ANN. § 30-27-3 (Michie 1994); OKLA. STAT. ANN. tit. 21, § 550 (West 1983); 18 PA. CONS. STAT. ANN. § 5109 (West 1983); S.C. CODE ANN. § 16-17-10 (Law Co-op. 1985); S.D. CODIFIED LAWS § 20-9-6.1 (Lexis Supp. 1999); VA. CODE ANN. § 18.2-451 (Michie 1996); WIS. STAT. ANN. § 757.295 (West 1981).

Although several States have statutes that make it a crime to "simulate legal process," these statutes vary so widely in their language and elements as to be of no assistance. *See* ALA. CODE § 13A-10-131 (1994); ALASKA STAT. § 11.56.620 (Lexis 1998); ARIZ. REV. STAT. ANN. § 13-2814 (West 1989); ARK. CODE ANN. § 5-53-116 (Michie 1997); COLO. REV. STAT. ANN. § 18-8-611 (West 1999); IDAHO CODE § 18-3005 (1997); 720 ILL. COMP. STAT. ANN. 5/32-7 (West 1993); KAN. STAT. ANN. § 21-3820 (1995); KY. REV. STAT. ANN. § 524.110 (Michie 1990); ME. REV. STAT. ANN. tit. 14, § 653 (West 1980); MD. ANN. CODE art. 27, § 199 (1996); MICH. COMP. LAWS ANN. § 750.368 (West Supp. 1999); MINN. STAT. ANN. § 609.51 (West 1989); MISS. CODE ANN. § 97-9-1 (1994); MO. ANN. STAT. § 575.130 (West 1995); NEB. REV. STAT. § 28-923 (1995); N.H. REV. STAT. ANN. § 638:14 (1996); N.C. GEN. STAT. § 14-118.1 (1993); OR. REV. STAT. § 162.355 (1990); S.D. CODIFIED LAWS § 22-12-5 (Lexis 1998) (uttering simulated process); TEX. PENAL CODE ANN. § 32.48 (West Supp. 1999); UTAH CODE ANN. § 76-8-513 (1995); VA. CODE ANN. § 18.2-213 (Michie 1996).

STER'S THIRD NEW INTERNATIONAL DICTIONARY 1223 (1969). By contrast, BLACK'S LAW DICTIONARY gives "judicial process" two meanings:

> In a wide sense, this term may include all the acts of a court from the beginning to the end of its proceedings in a given cause; but more specifically it means the writ, summons, mandate, or other process which is used to inform the defendant of the institution of proceedings against him and to compel his appearance, in either civil or criminal cases.

BLACK'S LAW DICTIONARY 1205 (6th ed. 1990).[7]

The State, citing several cases, argues for a broad interpretation of "judicial process." *See State ex rel. Onishi v. Superior Court*, 30 Wn.2d 348, 191 P.2d 703 (1948); *Mark v. Williams*, 45 Wn. App. 182, 191-92, 724 P.2d 428 (1986); *Batten v. Abrams*, 28 Wn. App. 737, 626 P.2d 984 (1981); *Shutt v. Moore*, 26 Wn. App. 450, 456-57, 613 P.2d 1188 (1980); *Fite v. Lee*, 11 Wn. App. 21, 521 P.2d 964, 97 A.L.R.3D 678 (1974). But these cases are not on point.

*Onishi* relates to service of process of a subpoena. 30 Wn.2d at 353. The other three cases discuss the common law tort of "abuse of process," a legal theory not at issue here. *Mark*, 45 Wn. App. at 191; *Batten*, 28 Wn. App. at 744-45; *Fite*, 11 Wn. App. at 27.

Nor does the State's argument that "judicial process" is synonymous with "legal process" persuade us to apply a broad definition. BLACK'S LAW DICTIONARY's definition of "legal process" includes "a summons, writ, warrant, mandate, or other process issuing from a court," a definition consistent with BLACK'S narrow definition of "judicial process" but considerably narrower than its alternative definition of "judicial process"—"all the acts of a court from the beginning to the end of its proceedings in a given cause." BLACK'S LAW DICTIONARY 1205.

---

[7]Former Washington Supreme Court Justice Finley used the term "judicial process" to refer to a judge's application of various intellectual tools such as precedent, legal history, and public policy in formulating his or her decision. Robert C. Finley, *Some Observations on the Law and the Nature of the Judicial Process*, 35 WASH. L. REV. 1, 14 (1960) (citing United States Supreme Court Justice Benjamin N. Cardozo's analysis of judicial process in his book, THE NATURE OF THE JUDICIAL PROCESS 112 (1977)).

The State also cites a Missouri case that bears some resemblance to Duffey's situation, *State v. Joos*, 735 S.W.2d 776 (Mo. Ct. App. 1987). Joos prepared and served upon a state trooper a document purporting to be a federal district court order for "arrest of judgement/stay of execution." *Id.* at 777-78. The district court found that the document " 'sufficiently masquerades as a bona fide order of this court that it shall be stricken.' " *Id.* at 778. The State then successfully prosecuted Joos for simulating legal process.[8] *Id.* at 777. The appellate court affirmed, reasoning that "the word 'process' is used as a general term and denotes the means whereby a court compels a compliance with its demands." *Id.* at 779.

Duffey's case is factually and legally distinguishable from *Joos*. The Demand does not resemble or purport to be a court order. And the Missouri statute sets forth the offense in greater detail than RCW 9.12.010.[9] Moreover, the Missouri statute's reference to "intent to mislead the recipient and cause him to take action in reliance thereon" aids in determining the drafter's intent. Finally, the Missouri statute defines the offense as simulating "legal process" whereas RCW 9.12.010 pertains to "judicial process." Consequently, we do not find the *Joos'* analysis applicable here.

Further, no Washington statute defines "legal process." And the statutes employing that term do not aid our interpretation. *See, e.g.*, RCW 6.13.030 ("where the homestead is subject to execution, attachment, or seizure by or under any legal process whatever to satisfy a judgment"); RCW 6.15.025 ("a judgment debtor shall be exempt from execu-

---

[8]Mo. Ann. Stat. § 575.130 states in relevant part:

1. A person commits the crime of simulating legal process if, with purpose to mislead the recipient and cause him to take action in reliance thereon, he delivers or causes to be delivered:

. . . .

(2) Any purported summons, subpoena or other legal process knowing that the process was not issued or authorized by any court.

[9]Duffey does not challenge RCW 9.12.010 on constitutional vagueness grounds.

tion, attachment, garnishment, or seizure by or under any legal process whatever"); RCW 6.44.110(2) ("assets to be seized or restrained pursuant to a writ of attachment, garnishment, execution, or other legal process"); RCW 9A.52.090(4) ("The actor was attempting to serve legal process which includes any document required or allowed to be served upon persons or property, by any statute, rule, ordinance, regulation, or court order[.]").[10]

Thus, "judicial process" as used in RCW 9.12.010 is an ambiguous term. It could reasonably be defined broadly as: (1) a document relating to any one of the procedural steps occurring from the filing of the action to the final adjudication, or narrowly as: (2) a document asserting the trial court's jurisdiction over a person or property or compelling a person to act in accordance with the court's demands.

■■ When a penal statute is ambiguous and legislative intent is insufficient to clarify the ambiguity, we apply the rule of lenity.[11] *In re Post Sentencing Review of Charles*, 135 Wn.2d 239, 250, 955 P.2d 798 (1998); *In re Personal Restraint of Sietz*, 124 Wn.2d 645, 652, 880 P.2d 34 (1994). Under the rule of lenity, the appellate court will favor the criminal defendant's interpretation of an ambiguous statute, here the narrow interpretation of "judicial process." *Charles*, 135 Wn.2d at 250. Thus, for the Demand to be a judicial process, it would have to purport to be or resemble a court order or a document stating that the sender had initiated a lawsuit against the recipient.

The State argues that the Demand purports to be or

---

[10]Further confusing this issue, some provisions of the Washington Civil Service Act place "judicial process" in the statutes' headings and then refer to "process of law" in the text. *See, e.g.*, RCW 41.26.053(1); RCW 41.32.052(1).

[11]At oral argument, the State asserted that the rule of lenity applies only where the reviewing court finds the statute to be vague. We reject that argument. The rule of lenity applies whenever a criminal statute is so ambiguous that the reviewing court, after applying all the tools at its disposal, can make no more than a guess at what the Legislature intended. *United States v. Wells*, 519 U.S. 482, 499, 117 S. Ct. 921, 137 L. Ed. 2d 107 (1997). Here, despite a wide-ranging search of dictionaries, statutes, case law, and secondary authorities, we find an ambiguity in the term "judicial process" that leaves us speculating as to the Legislature's intent. Thus, the rule of lenity applies.

resembles a summons because it admonishes that "THIS IS LEGAL PROCESS, YOU ARE COMPELLED TO RESPOND." But the Demand does not claim to be as a summons; nor does it contain language suggesting that Duffey had initiated a lawsuit against the recipients. Rather, viewing it in its entirety, the Demand plainly purports to be a demand for a bill of particulars.[12]

The right to request a bill of particulars is protected by the Washington State Constitution, which provides: "In all criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation against him . . . ." CONST. art. I, § 22. The United States Constitution provides that: "In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation . . . ." CONST. amend. VI.

Criminal defendants "have a right to be apprised with reasonable certainty of the nature of the accusation against them so they may prepare an adequate defense." *State v. Grant*, 89 Wn.2d 678, 686, 575 P.2d 210 (1978) (citing *City of Seattle v. Proctor*, 183 Wash. 299, 48 P.2d 241 (1935)). "[T]he purpose of the bill of particulars is to give the defendant sufficient notice of the charge so that he can competently defend against it." *State v. Peerson*, 62 Wn. App. 755, 768, 816 P.2d 43 (1991) (citing *State v. Devine*, 84 Wn.2d 467, 471, 527 P.2d 72 (1974)).

In the past, a criminal defendant in a court of limited jurisdiction, upon request, was entitled to a bill of particulars as a matter of right. See *State ex rel. Nugent v. Lewis*, 93 Wn.2d 80, 82, 605 P.2d 1265 (1980) (citing former JCrR 2.04(b)). But in 1987, the new Criminal Rules for Courts of Limited Jurisdiction (CrRLJ) superseded the old Justice Court Criminal Rules (JCrR). Under the new rules, a criminal defendant in a court of limited jurisdiction may request a bill of particulars, but must do so through a motion,

---

[12]The text of the Demand, the attached "Proof of Service," and "Verification of Bill of Particulars," refer to the challenged document as a "Demand for the Bill of particulars."

which the trial court may grant at its discretion.[13] CrRLJ 2.4(e).[14]

Even assuming that the Demand fits within the definition of "judicial process" as RCW 9.12.010 uses that term, it is substantively no different than a CrRLJ 2.4(e) motion: a request for more information on the nature of the underlying charge. Duffey's Demand and a properly drafted motion differ in technical details, but not in substance.[15]

■ Thus, we conclude that the Demand was essentially a constitutionally protected request for a bill of particulars drafted in a technically deficient manner. We do not believe that the Legislature intended to make litigants who serve or file improperly drafted pleadings or motions criminally liable for barratry notwithstanding the substantive validity of the litigants' documents. *See State v. Riles*, 135 Wn.2d 326, 340, 957 P.2d 655 (1998) (we must avoid strained or absurd interpretations of a statute). Rather, we conclude that the Legislature intended a narrow interpretation of "judicial process' that would discourage the use of patently false documents purporting to be or resembling judicial authority for the purposes of intimidation or fraud. *See Joos*, 735 S.W.2d at 779; *see also Tester v. National Credit Exch., Inc.*, 299 So. 2d 46, 47-48 (Fla. Dist. Ct. App. 1974) (creditor's use of "Final Demand Before Suit," which bore striking resemblance to a summons, prima facie evidence of simulating legal process).

---

[13]The trial court will grant the motion if it finds the bill of particulars will aid the defendant in preparing his case. *See State v. Dictado*, 102 Wn.2d 277, 286, 687 P.2d 172 (1984), *abrogated on other grounds, State v. Short*, 113 Wn.2d 35, 40, 775 P.2d 458 (1989).

[14]CrRLJ 2.4(e) states: "The court may direct the filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment or within 10 days after arraignment or an appearance by a defendant's lawyer pursuant to rule 4.1(d), or at such later time as the court may permit."

[15]Michigan recently amended its "simulating legal process" statute to acknowledge this distinction. MICH. COMP. LAWS ANN. § 750.368(9)(e)(ii), *amended by* Pub. Acts 1998, No. 360 (effective Jan. 1, 1999) ("[T]his subparagraph does not apply to a document that would otherwise be legal process but for 1 or more technical defects, including, but not limited to, errors involving names, spelling, addresses, or time of issue or filing or other defects that do not relate to the substance of the claim or action underlying the document.").

No reasonable trier of fact could find that Duffey's Demand, a verbose and clumsy attempt to obtain a bill of particulars, falls within this narrow definition. *State v. Knapstad*, 107 Wn.2d 346, 356-57, 729 P.2d 48 (1986). Thus, the trial court properly dismissed the charge.

We affirm.[16]

ARMSTRONG, A.C.J., and HOUGHTON, J., concur.

Review granted at 139 Wn.2d 1015 (2000).

---

[16]Duffey asks for "attorney/legal fees, clerical cost, service fees, and any other amount this court deems appropriate in this instant action." Because Duffey cites no legal authority authorizing an award of fees in these circumstances, we deny his request. *See* RAP 18.1; *Phillips Bldg. Co. v. An*, 81 Wn. App. 696, 705, 915 P.2d 1146 (1996) (The rule requires argument and citation to authority.).