[No. 19031–8–I. Division One. February 29, 1988.]

*In the Matter of the Personal Restraint of*
HERMAN THOMAS PETERS, *Petitioner.*

*John Christiansen* of *Washington Appellate Defender Association,* for petitioner.

*Kenneth O. Eikenberry, Attorney General,* and *Kathleen B. Spong, Assistant; Norm Maleng, Prosecuting Attorney,* and *Ellen O'Neill–Stephens, Deputy,* for respondent.

SWANSON, J.—By personal restraint petition, Herman Thomas Peters asserts that he was denied effective assistance of counsel.

The State alleged that on January 18, 1983, Peters stabbed a patron in a Seattle tavern after the patron declined to buy Peters a beer. On March 25, 1983, petitioner Peters entered an *Alford*[1] guilty plea to a charge of second degree assault while armed with a deadly weapon. A

---

[1]*See North Carolina v. Alford,* 400 U.S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970). In his "Statement of Defendant on Plea of Guilty," Peters set forth the following account:

On January 18, 1983 I had been drinking heavily. I blacked out in the afternoon, towards evening. The next thing I remember was being booked into the

judgment and sentence to this effect was entered on June 8, 1983.

On June 16, 1986, Peters filed a personal restraint petition, alleging, *inter alia,* that he had been denied effective assistance when counsel failed to inform him that deportation was a potential consequence of conviction. The record before us does not clearly indicate Peters' citizenship. Peters maintains that he is a Canadian citizen of native American descent, a claim supported by a photocopy of a birth certificate indicating that he was born in British Columbia. A presentence report, however, indicates Peters informed his trial counsel that he had "dual citizenship with the United States and Canada."

When collaterally attacking the validity of a guilty plea, the petitioner bears the burden of demonstrating that any constitutional error was prejudicial. *In re Hews,* 99 Wn.2d 80, 89, 660 P.2d 263 (1983); *In re Hagler,* 97 Wn.2d 818, 826, 650 P.2d 1103 (1982). Before a personal restraint petition may be granted, the petitioner must prove that the constitutional errors "worked to his or her actual and substantial prejudice". *In re Mercer,* 108 Wn.2d 714, 721, 741 P.2d 559 (1987).

The test for ineffective assistance of counsel, except in cases involving conflicts of interest, is whether "(1) defense counsel's performance fell below an objective standard of reasonableness, and (2) whether this deficiency prejudiced the defendant." *State v. James,* 48 Wn. App. 353, 359, 739 P.2d 1161 (1987) (citing *Strickland v. Washington,* 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984)); *State v. Thomas,* 109 Wn.2d 222, 743 P.2d 816 (1987). The *Strickland* test also applies to claims of ineffective assistance of counsel in the plea process. *Hill v. Lockhart,* 474 U.S. 52, 88 L. Ed. 2d 203, 106 S. Ct. 366, 370 (1985).

In order to satisfy the first prong of the *Strickland* test, Peters must demonstrate that his counsel's performance

jail and not knowing what for. I have gone over the police reports with my attorney, and believe I would be found guilty if I went to trial.

fell below an objective standard of reasonableness in light of all of the surrounding circumstances. *Strickland,* at 688; *Thomas,* at 226. In the context of plea bargaining, effective assistance of counsel requires that counsel "actually and substantially" assist the defendant in determining whether to plead guilty. *State v. Osborne,* 102 Wn.2d 87, 99, 684 P.2d 683 (1984) (quoting *State v. Cameron,* 30 Wn. App. 229, 232, 633 P.2d 901 (1981)). An appellate court reviewing counsel's performance must indulge in a strong presumption that it falls within the broad range of reasonable professional assistance. *Strickland,* at 689; *State v. James, supra.*

Due process requires a guilty plea to be knowing, intelligent and voluntary. *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969); *In re Montoya,* 109 Wn.2d 270, 277, 744 P.2d 340 (1987). An *Alford* plea is valid when it "represents a voluntary and intelligent choice among .the alternative courses of action open to the defendant." *North Carolina v. Alford,* 400 U.S. 25, 31, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970); *In re Montoya, supra* at 280. Although a defendant must be informed of the "direct" consequences of a guilty plea, he or she need not be informed of all possible "collateral" consequences before the plea is deemed voluntary in the constitutional sense. *State v. Barton,* 93 Wn.2d 301, 305, 609 P.2d 1353 (1980). The distinction between a "direct" and "collateral" consequence depends on whether "the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment". *Barton* (quoting *Cuthrell v. Director,* 475 F.2d 1364, 1366 (4th Cir. 1973)). Deportation has been consistently regarded as a collateral consequence because it is "not the sentence of the court which accepted the plea but of another agency over which the trial judge has no control and for which he has no responsibility." *Michel v. United States,* 507 F.2d 461, 465 (2d Cir. 1974); *accord, State v. Malik,* 37 Wn. App. 414, 680 P.2d 770, *review denied,* 102 Wn.2d 1023 (1984).

At the time of Peters' guilty plea in March 1983, Washington had no court rule or statute requiring that noncitizens be advised of possible deportation prior to entry of a guilty plea. Effective September 1, 1983, RCW 10.40.200(2) requires the court, prior to acceptance of a guilty plea, to advise noncitizens of possible deportation. After this date, if a defendant is not advised as required by RCW 10.40-.200(2) and shows that conviction of the offense to which a guilty plea was entered may lead to deportation, the court "shall vacate the judgment" and permit withdrawal of the guilty plea. Absent a written acknowledgment of the advisement, the defendant is presumed not to have received the required notice. RCW 10.40.200(2). With respect to pleas entered prior to September 1, 1983, however, RCW 10.40.200(3) provides:

> it is not the intent of the legislature that a defendant's failure to receive the advisement required by subsection (2) of this section should require the vacation of judgment and withdrawal of the plea of constitute grounds for finding a prior conviction invalid.

Since possible deportation is a collateral consequence of a conviction following a guilty plea, there is general agreement that the *trial court,* absent a court rule or statute, has no duty to inform a defendant of possible deportation prior to entry of a constitutionally voluntary guilty plea. *See Downs–Morgan v. United States,* 765 F.2d 1534, 1539 n.12 (11th Cir. 1985), and cases cited therein. This was also the result reached in Washington in *State v. Malik, supra,* which, as the instant case, involved a guilty plea entered prior to the effective date of RCW 10.40.200.

An ineffective assistance of counsel claim is immaterial in a collateral attack on a guilty plea except to the extent that it bears on issues of voluntariness and understanding. *Government v. Pamphile,* 604 F. Supp. 753, 756 (D.V.I. 1985). Consequently, because a defendant's ignorance about the potential consequences of deportation does not render a guilty plea involuntary, the federal courts are virtually unanimous in holding that failure of *counsel* to inform a

defendant of possible deportation cannot rise to the level of ineffective assistance as a matter of federal law. *See, e.g., United States v. Campbell,* 778 F.2d 764, 768 (11th Cir. 1985); *United States v. Gavilan,* 761 F.2d 226 (5th Cir. 1985); *United States v. Santelises,* 509 F.2d 703 (2d Cir. 1975); *cf. Tafoya v. State,* 500 P.2d 247 (Alaska 1972), *cert. denied,* 410 U.S. 945 (1973).[2]

Peters relies primarily on two state court decisions for the proposition that counsel's failure to advise a defendant of possible deportation constitutes ineffective assistance of counsel. In *Commonwealth v. Wellington,* 305 Pa. Super. 24, 28, 451 A.2d 223, 225 (1982), the court held that "counsel has a duty to an alien client to inquire into and advise her of the possible deportation consequences of a contemplated plea." In *Edwards v. State,* 393 So. 2d 597 (Fla. Dist. Ct. App.), *review denied,* 402 So. 2d 613 (Fla. 1981), the court found the direct–collateral distinction regarding deportation immaterial in measuring effective assistance of counsel and held that failure to inform a defendant of possible deportation could constitute ineffective assistance of counsel. *Cf. People v. Padilla,* 151 Ill. App. 3d 297, 502 N.E.2d 1182 (1986) (counsel's failure to inform client of possible deportation when counsel is aware defendant is an alien constitutes ineffective assistance and renders guilty plea involuntary), *review denied,* 114 Ill. 2d 554, 508 N.E.2d 734 (1987); *cf. also Lyons v. Pearce,* 298 Or. 554, 694 P.2d 969 (1985) (trial counsel's failure to ask trial court for recommendation against deportation pursuant to 8 U.S.C. § 1251(b) constituted ineffective assistance).

---

[2]Although the court in *State v. Malik, supra,* did not reach the precise question raised here because counsel had, in fact, advised the defendant that deportation was a possibility, we find the following observations regarding counsel's obligations to be pertinent:

> Malik's counsel was appointed by the State to represent him on the criminal charge, not in a civil proceeding [deportation]. The possibility of deportation, being collateral, was not properly a concern of appointed counsel. Trial counsel's responsibility was to aid Malik in evaluating the evidence against him and in discussing the possible *direct* consequences of a guilty plea.

*Malik,* at 416–17.

Most courts, however, have declined to follow *Wellington* and *Edwards. See, e.g., Mott v. State,* 407 N.W.2d 581 (Iowa 1987); *State v. Chung,* 210 N.J. Super. 427, 510 A.2d 72 (1986); *Villavende v. State,* 504 So. 2d 455 (Fla. Dist. Ct. App.), *review denied,* 511 So. 2d 300 (Fla. 1987); *State v. Santos,* 136 Wis. 2d 528, 401 N.W.2d 856 (Ct. App.), *review denied,* ___ Wis. 2d ___, 411 N.W.2d 140 (1987). The Florida Supreme Court recently repudiated *Edwards* and decided to follow federal precedent on this issue. *State v. Ginebra,* 511 So. 2d 960 (Fla. 1987) (constitutionally effective assistance requires only that counsel advise client of direct consequences of guilty plea).[3]

We also note that the record before us does not clearly indicate whether Peters is even subject to deportation. 8 U.S.C. § 1251(a)(4) provides for deportation of an alien who is convicted of a crime involving "moral turpitude committed *within five years after entry*" (italics ours) or who is convicted of two crimes involving moral turpitude. We cannot ascertain whether either of these conditions has been fulfilled here. If Peters is not subject to deportation, even though an alien, counsel's failure to so advise would not in any event amount to deficient performance. *See Lyons v. Pearce,* 298 Or. 569, 694 P.2d 978 (1985).

We need not ultimately decide, however, whether counsel's performance here was deficient. Even if we assume that Peters is subject to deportation and that failure to inform him of possible deportation constituted deficient performance, Peters has still failed to make a sufficient showing of prejudice. Under the *Strickland* test, even if counsel's performance is deemed deficient, Peters

---

[3]Different considerations may arise when counsel affirmatively misinforms a defendant about possible deportation and the defendant relies on that information in pleading guilty. *See, e.g., United States v. Russell,* 686 F.2d 35 (D.C. Cir. 1982); *People v. Correa,* 108 Ill. 2d 541, 485 N.E.2d 307 (1985) (counsel's erroneous misrepresentation that guilty plea would not affect defendant's immigrant status was ineffective assistance and rendered guilty plea involuntary). No such allegation is involved in the case at bench.

must also demonstrate that the deficient performance prejudiced his defense, *i.e.*, that

> there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Strickland,* at 694. In the context of a guilty plea, Peters must show a reasonable probability that, but for counsel's failure to advise him of possible deportation, he would not have pleaded guilty to the assault charge. *Hill v. Lockhart, supra.*

As already indicated, the record does not clearly indicate whether Peters is even subject to deportation. Nor is there any evidence that in the almost 5 years since his guilty plea deportation proceedings have been initiated against Peters or are even contemplated. *See, e.g., State v. Malik, supra* (defendant moved to withdraw guilty plea after learning of planned deportation proceedings). In addition, a bare allegation that a petitioner would not have pleaded guilty had defense counsel advised of the consequences of deportation is insufficient to establish prejudice under the second prong of *Strickland. United States v. Campbell, supra* at 768. Peters' petition does not even contain this bare allegation. Moreover, the absence of such a contention does not appear to be inadvertent here. Although Peters' petition does not always disclose his intentions, the record is replete with clear expressions of his desire to be deported to Canada. A portion of the petition is devoted to Peters' allegation of a conspiracy among prison officials that has thwarted his desire to be deported as soon as possible. In order to be entitled to an evidentiary hearing on the issue of ineffective assistance, Peters must present at least a prima facie case showing actual prejudice. *Hews,* at 88. In the absence of even the slightest allegation or indication of prejudice, we conclude that Peters has failed to meet this threshold burden.

Peters has raised additional contentions in his petition. These include: (1) that the Superior Court lacked jurisdiction because he is a member of an Indian tribe; (2) that the Superior Court violated state and federal equal protection clauses; and (3) that the Department of Corrections and the Board of Prison Terms and Paroles conspired to deprive him of an early release and parole or deportation to Canada. We find these claims to be without merit.

We therefore dismiss the personal restraint petition.

SCHOLFIELD, C.J., and WEBSTER, J., concur.