[Nos. 18947-0-II; 18949-6-II.   Division Two.   December 5, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. RONALD CRAIG MCCOLLUM, *Appellant*.

*Alan C. Seago*, for appellant.

*John W. Ladenburg, Prosecuting Attorney,* and *Kathleen Proctor* and *Barbara L. Corey-Boulet, Deputies,* for respondent.

BRIDGEWATER, J. — Ronald Craig McCollum appeals the denial of his motion to withdraw his guilty pleas and the imposition of an exceptional sentence. We affirm, but remand for resentencing with regard to the firearm enhancement.

On April 25, 1994, McCollum pleaded guilty to three counts of delivery of a controlled substance and two counts

of possession of a controlled substance with intent to deliver. He had a plea agreement with the State in which he promised to work as an informant for the local police department and plead guilty to all charges against him in return for a sentencing recommendation of 12 months. Upon his release from jail, he failed to make contact with the police department to fulfill his promise under the plea agreement.

After McCollum was re-arrested, he moved to withdraw his guilty pleas. The court denied his motion, finding that he knowingly, voluntarily, and intelligently agreed to plead guilty and that he received effective assistance of counsel. He was sentenced to 132 months for the first count of possession of a controlled substance with intent to deliver (includes 12 months for a firearm enhancement) and 120 months for each of the four remaining offenses, to be served consecutively.

## I

■ McCollum argues that the sentencing court should have granted his motion to withdraw his guilty plea because he was denied effective assistance of counsel and did not understand the extent of the charges against him or the meaning of the plea agreement when he pleaded guilty. CrR 4.2(f) states that "[t]he court shall allow a defendant to withdraw his plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice." There are four possible indicia of "manifest injustice:" (1) the denial of effective counsel, (2) the plea was not ratified by the defendant or one authorized by him to do so, (3) the plea was involuntary, or (4) the plea agreement was not kept by the prosecution. *State v. Taylor*, 83 Wn.2d 594, 597, 521 P.2d 699 (1974).

■ The test for ineffective assistance of counsel is whether (1) the defense counsel's performance fell below an objective standard of reasonableness, and (2) whether this deficiency prejudiced the defendant. *State v. Thomas*, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987) (citing *Strick-*

*land v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). The *Strickland* test applies to claims of ineffective assistance of counsel in the plea process. *In re Peters*, 50 Wn. App. 702, 703, 750 P.2d 643 (1988) (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)). In the context of a guilty plea, the defendant must show that his counsel failed to " 'actually and substantially [assist] his client in deciding whether to plead guilty,' " *State v. Osborne*, 102 Wn.2d 87, 99, 684 P.2d 683 (1984) (quoting *State v. Cameron*, 30 Wn. App. 229, 232, 633 P.2d 901 (1981)), and that but for counsel's failure to adequately advise him, he would not have pleaded guilty, *Hill*, 106 S. Ct. at 370; *Peters*, 50 Wn. App. at 708. The reviewing appellate court must indulge in a strong presumption that counsel's performance is within the broad range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Peters*, 50 Wn. App. at 704.

█ In this case, McCollum contends that his appointed attorney did not provide effective assistance of counsel because he met with McCollum only twice briefly before trial, did not go over the plea statements with him, and did not conduct an adequate investigation of the charges prior to acquiescing to his decision to plead guilty. McCollum has failed to meet his burden of showing that his attorney failed to adequately advise him of the consequences of the guilty pleas. There is no evidence that the defense attorney's investigation was inadequate given McCollum's early decision to plead guilty, or that the police search was illegal and evidence would have been suppressed, as McCollum now claims. There is evidence that his appointed attorney did review the police reports and found nothing that triggered a suppression hearing. Furthermore, while McCollum's counsel was not present at the plea hearing to go over the plea statements there, another attorney from the Department of Assigned Counsel was present and stated that she went over the statements with McCollum. The trial court made findings that reflected the following: (1) that defense counsel met with McCollum

and that their discussions concerned the facts of the cases and the consequences of a guilty plea; (2) that defense counsel explained to McCollum that he had the right to have a jury trial; (3) that McCollum understood his options and chose voluntarily to enter into a contract with the police department and plead guilty; (4) that defense counsel prepared the statement of defendant on plea of guilty for each count; and (5) that another defense attorney reviewed each statement with McCollum before he signed them. These findings are unchallenged and are verities. *Metropolitan Park Dist. v. Griffith*, 106 Wn.2d 425, 433, 723 P.2d 1093 (1986). Thus, McCollum has failed to overcome the presumption that his attorney provided reasonable assistance.

■ McCollum also argues that his plea was involuntary because he was unaware of one of the charges against him to which he pleaded guilty. Due process requires a guilty plea to be knowing, intelligent, and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *In re Montoya*, 109 Wn.2d 270, 277, 744 P.2d 340 (1987). A defendant must be apprised of the nature of the offense before a guilty plea will be accepted as knowing, intelligent, and voluntary. *Osborne*, 102 Wn.2d at 93. McCollum was informed of the charges against him. At the plea hearing he was asked what he pleaded with respect to each charge against him. In each case, he pleaded guilty. He also saw the plea statements, one for each information, and was thereby informed of the charges against him. Thus, the plea was not involuntary.

Because McCollum has failed to show that withdrawal of his plea was necessary to correct a manifest injustice, the trial court did not err in denying his motion to withdraw the plea.

## II

■ McCollum next argues that the sentencing court erred by imposing consecutive sentences. Under the Sentencing Reform Act of 1981, a trial court must

impose a sentence within the standard range unless it finds "substantial and compelling" reasons to justify a departure. RCW 9.94A.120(2), (3). Here, the standard range sentence consists of concurrent sentences; thus, the sentence is an exceptional sentence. *State v. Quigg*, 72 Wn. App. 828, 845, 866 P.2d 655 (1994). The standard of review for an exceptional sentence is set forth in RCW 9.94A.210(4):

> To reverse a sentence which is outside the sentence range, the reviewing court must find: (a) Either that the reasons supplied by the sentencing judge are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard range for that offense; or (b) that the sentence imposed was clearly excessive or clearly too lenient.

The sentencing court relied on four factors to justify an exceptional sentence: (1) "[t]he current offense involved at least three separate transactions in which controlled substances were sold, transferred, or possessed with intent to do so," former RCW 9.94A.390(2)(d)(i) (1990); (2) one of the deliveries "involved an . . . actual sale or transfer of controlled substances in quantities substantially larger than for personal use," former RCW 9.94A.390(2)(d)(ii) (1990); (3) "[t]he current offense . . . occurred over a lengthy period of time," former RCW 9.94A.390(2)(d)(v) (1990); and (4) the offender score of 16 "in conjunction with the multiple current offenses . . . warrants an exceptional sentence."

The State contends that McCollum's failure to assign error to the sentencing court's findings of fact in support of the exceptional sentence requires this court to treat the court's findings as verities on appeal. If the appellant does not assign error to the court's factual findings in support of an exceptional sentence, they do become verities on appeal. *See, e.g., State v. Alexander*, 125 Wn.2d 717, 723, 888 P.2d 1169 (1995); *State v. Harmon*, 50 Wn. App. 755, 750 P.2d 664 (1988). But it is clear from McCollum's brief that he does challenge the sufficiency of factor two.

■ ■ The first prong of the test set forth in RCW 9.94A.210(4) requires this court to decide if the factors given by the court are supported by the record. Because this is a factual determination, we must uphold the reasons unless they are clearly erroneous. *State v. Allert*, 117 Wn.2d 156, 163, 815 P.2d 752 (1991). McCollum argues that factor two is not supported by the record because the amount of methamphetamine sold—4.0 grams—was not in a quantity larger than for personal use. The record contains no information regarding the normal quantity of methamphetamine associated with personal use. His other sales involved quantities of 2.5 and 2.3 grams of methamphetamine. He has offered no support for his claim that 4.0 grams is not a larger quantity than for personal use and has therefore failed to show that the court's reasoning was clearly erroneous. But even if this reason were found to be erroneous, any one of the other three factors could still be used to justify the sentence and thus resentencing is unnecessary.[1]

■ The second prong requires this court to determine, as a matter of law, whether the sentencing judge's reasons justify the imposition of an exceptional sentence. McCollum does not claim that these factors do not justify the imposition of an exceptional sentence. The first three factors are legally adequate under former RCW 9.94A.390(2), and the last was validated in *State v. Stephens*, 116 Wn.2d 238, 803 P.2d 319 (1991). Therefore, the factors were sufficient as a matter of law.

■ ■ Finally, this court must decide under the abuse of discretion standard if the sentence was clearly too excessive. *State v. Cardenas*, 129 Wn.2d 1, 5, 914 P.2d 57 (1996). McCollum argues that the court should have exercised its discretion to treat these offenses with leniency because

---

[1]"A reviewing court that invalidates some but not all of a sentencing court's reasons need not remand the case for resentencing if it is confident that the sentencing court would re-impose the same sentence upon remand." *State v. Sanchez*, 69 Wn. App. 255, 263, 848 P.2d 208 (citing *State v. Post*, 118 Wn.2d 596, 616-17, 826 P.2d 172 (1992)), *review denied*, 122 Wn.2d 1007 (1993).

they were committed in the course of an ongoing investigation. He relies on two cases, *State v. Hortman*, 76 Wn. App. 454, 886 P.2d 234 (1994), *review denied*, 126 Wn.2d 1025 (1995), and *State v. Sanchez*, 69 Wn. App. 255, 848 P.2d 208, *review denied*, 122 Wn.2d 1007 (1993), both of which review the sentencing court's imposition of exceptional sentences below the standard range. The fact that a sentencing court appropriately exercised its discretion in those cases to adjust the sentence downward does not imply that the court abused its discretion in this case. This case is factually distinguishable from both *Hortman* and *Sanchez*. In *Sanchez*, all three controlled buys were initiated and controlled by the police, involved the same buyer and seller, and occurred at the same location within a nine-day span of time. 69 Wn. App. at 261. *Hortman* also involved three buys in an identical location with the same buyer and seller over approximately a month. The reasoning for both decisions was expressed in *Sanchez:*

> Because the difference between the first buy and all three buys was trivial or trifling, the sentencing judge was permitted to use RCW 9.94A.390(1)(g) in order to reconcile (1) the absence of additional effects from the second and third buys with (2) the multiple use policy of RCW 9.94A.400(1)(a).

69 Wn. App. at 262; *see Hortman*, 76 Wn. App. at 463-64. *Sanchez* also held that nothing in its decision necessarily applies to police-controlled drug transactions "that have a law enforcement purpose other than to generate an increase in the offender's standard range." 69 Wn. App. at 262-63. McCollum had five offenses. Three of these offenses—delivery of methamphetamine—occurred over a 20-day span of time in the context of the same police investigation, but they were in different locations and one involved an undercover officer. The other offenses were not controlled buys: the fourth offense occurred when the police arrested McCollum; and the first offense was a traffic stop more than a year before. Unlike *Hortman* and *Sanchez*, the difference between these offenses is not "trivial or trifling." In fact, the offenses together draw a picture

of an active drug dealer and imposition of an exceptional sentence in this case was not an abuse of discretion.

## III

McCollum argues in his pro se brief that the trial court erred when it applied RCW 69.50.408 to double the statutory maximum sentence for his offenses. He was convicted of three counts of unlawful delivery of a controlled substance and two counts of possession with intent to deliver.

All of McCollum's offenses involved methamphetamine. At the time of his sentencing, the maximum penalty for violations of the statute involving methamphetamine was 5 years (60 months).[2] Former RCW 69.50.401(a)(1)(ii) (1989). But the sentencing court determined that the statutory maximum for each offense was 10 years (120 months). McCollum was sentenced to the maximum 120 months on all three delivery convictions and one of the possession with intent to deliver convictions, and 132 months on the last possession with intent to deliver.

While it is not clear from the judgment and sentence, the State asserts that the court doubled the maximum sentence pursuant to RCW 69.50.408. RCW 69.50.408 provides that:

> (a) Any person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.
>
> (b) For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs.
>
> (c) This section does not apply to offenses under RCW 69.50.401(d).

---

[2]Methamphetamine is a Schedule II drug. RCW 69.50.206(d)(2).

McCollum asserts that RCW 69.50.408 does not apply to him because his prior conviction was under RCW 69.50.401(d). The State argues, however, that the limitation in section (c) applies only to current offenses under RCW 69.50.401(d), not prior convictions.

If a statute is ambiguous, the rule of lenity requires the statute to be interpreted most favorably to the defendant. *State v. Lively*, 130 Wn.2d 1, 14, 921 P.2d 1035 (1996); *State v. Gore*, 101 Wn.2d 481, 486, 681 P.2d 227, 39 A.L.R.4TH 975 (1984); *State v. Bernard*, 78 Wn. App. 764, 768, 899 P.2d 21 (1995). A statute is ambiguous only if it is susceptible to more than one reasonable interpretation. *Bernard*, 78 Wn. App. at 768. Where a statute is ambiguous, the court may look to the legislative history for insight into legislative intent. *See Bellevue Fire Fighters Local 1604 v. City of Bellevue*, 100 Wn.2d 748, 751, 675 P.2d 592 (1984), *cert. denied*, 471 U.S. 1015 (1985). But under principles of statutory construction, a statute is not subject to judicial interpretation where its language is plain, unambiguous, and well understood according to its natural and ordinary sense and meaning. *State v. Lewis*, 86 Wn. App. 716, 717-18, 937 P.2d 1325 (1997).

RCW 69.50.408(c) is not ambiguous; a *current* possession offense under RCW 69.50.401(d) is exempted from the doubling statute. The question is whether the sentence can be doubled based upon a *prior* conviction for possession. We do not construe unambiguous statutes. *See Lewis*, 86 Wn. App. at 717-18. However, McCollum asks us to interpret subsection (c) to apply to prior convictions. Even if we were to interpret this statute, McCollum's construction of this section conflicts with legislative intent.

First, we would have to interpret the word "offenses" in subsection (c) as encompassing both current offenses and prior convictions. We are unwilling to construe "offenses" in this way because elsewhere in this chapter "offenses" is used in terms of current offenses, not prior convictions.

Second, we would have to ignore the language in subsection (b) that defines a prior crime as a conviction "*under*

*this chapter* or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs." (Emphasis added.) There is no exclusion under this subsection for prior convictions for possession.

Finally, under McCollum's interpretation, we would have to say that only persons who were convicted in Washington on a prior possession would be exempt from the doubling because the language of the statute specifically excludes offenses not under RCW 69.50.401(d). Foreign convictions would not be under RCW 69.50.401(d) and thus could be doubled, while persons convicted in Washington would not receive an increased sentence. This would lead to an absurd or a strained result, which we are to avoid. *See Wright v. Engum*, 124 Wn.2d 343, 351, 878 P.2d 1198 (1994). Thus, we would be forced to add a phrase to the statute so that it would read as follows:

> (c) This section does not apply to offenses under RCW 69.50.401(d) *or convictions under any statute of the United States or of any state relating to the unlawful possession of controlled substances.*

In order to make this addition to the statute, we would have to assume that the Legislature meant to include statutes from other jurisdictions concerning the convictions of possession of controlled substances, but did not have the expertise to so state. This is belied by subsection (b), which provides for exactly that eventuality.

If the Legislature had wanted to exempt prior convictions for possession from forming a basis for doubling, it could easily have said so. It did not. We do not read into a statute provisions that are not there; nor do we modify a statute by construction. *Shum v. Department of Labor & Indus.*, 63 Wn. App. 405, 409, 819 P.2d 399 (1991).

We decline McCollum's invitation to interpret this unambiguous statute. Subsection (c) applies only to current offenses, not to prior convictions. His arguments concerning the meanings in the Sentencing Guidelines

Commission Implementation Manual and the definition of "drug offenses" in RCW 9.94A are meritless, especially in light of the fact that the doubling statute contains its own definition. The trial court did not err in applying RCW 69.50.408.

## IV

■ The State concedes that the sentencing court erred in sentencing McCollum to 132 months on the last possession with intent to deliver, which has a statutory maximum of 120 months. The sentencing court included 12 months for a firearm enhancement. RCW 9.94A.310(3)(g) provides that in the event the application of the firearm enhancement results in a sentence that exceeds the statutory maximum, the presumptive sentence is the statutory maximum for this type of offense. Thus, we remand for resentencing consistent with RCW 9.94A.310(3)(g).

We affirm in part and reverse and remand for resentencing consistent with this opinion.

HOUGHTON, C.J., and ARMSTRONG, J., concur.

Reconsideration denied December 10, 1998.

THE NEXT PAGE IS NUMBERED 1001
to permit the names of cases disposed of by unpublished opinions to be printed in the advance sheets of the Washington Appellate Reports with permanent page numbers.