# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49788-3-II |
| Respondent, | Consolidated with: |
| v. | No. 50575-4-II |
| RICHARD K. LEFFLER, | |
| Appellant. | UNPUBLISHED OPINION |

WORSWICK, P.J. — A jury returned a verdict finding Richard Leffler guilty of bail jumping but could not reach a verdict on the remaining charge of possession of a stolen vehicle. Leffler later pleaded guilty to third degree possession of stolen property in exchange for the State dropping the possession of a stolen vehicle charge. Leffler appeals from the sentence imposed following his convictions, contending that the trial court erred by failing to consider his indigence when imposing discretionary legal financial obligations. In a consolidated appeal, Leffler also contends that the trial court erred by denying his CrR 7.8 motion to withdraw his guilty plea. Additionally, in his Statement of Additional Grounds (SAG) for Review Leffler raises several ineffective assistance of counsel claims, all of which either lack merit or rely on matters outside the record. We affirm Leffler's convictions, but we reverse the imposition of LFOs and remand to the trial court to reconsider their imposition in light of recent legislative amendments.

FACTS

On September 7, 2016, the State charged Leffler by amended information with possession of a stolen vehicle and bail jumping. The matter proceeded to a jury trial. The jury returned a verdict finding Leffler guilty of bail jumping but could not reach a verdict on the possession of a stolen vehicle charge.

Following a mistrial on the possession of a stolen vehicle charge, Leffler agreed to plead guilty to third degree possession of stolen property. Leffler's statement of defendant on plea of guilty form stated that he was maintaining his innocence but was entering an *Alford*[1] plea because "I believe a jury would convict me if it were to believe the State's evidence and I therefore wish to take advantage of the State's offer." Clerk's Papers at 35.

Leffler's defense counsel stated the following to the trial court:

> Mr. Leffler has no problem understanding, reading or writing the English language. He obtained his GED. I'm confident that he understands what he's doing and the rights he's giving up, as well as the benefit of this plea bargain.

3 Report of Proceedings (RP) at 430. The trial court confirmed with Leffler that he had signed the guilty plea form after having adequate time to review it with his defense counsel. The trial court also confirmed with Leffler that he understood the elements of third degree possession of stolen property and the sentencing consequences of pleading guilty to that charge. Leffler stated that he was freely and voluntarily pleading guilty, absent any threats, and absent any promises apart from those expressed in the plea agreement. The trial court accepted Leffler's guilty plea, finding that it was knowingly and voluntarily made and had a factual basis in support.

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

At sentencing, the State requested the trial court to impose legal financial obligations

consisting of a $500 victim assessment, a $200 criminal filing fee, a $976 sheriff service fee, a

$250 jury demand fee, a $600 court appointed attorney fee, and a $100 DNA collection fee. The

trial court asked Leffler if there was anything preventing him from being able to work and pay

his fines, to which Leffler responded, "No." 3 RP at 446. The trial court then stated its finding

that "Leffler has the ability to meet his legal financial obligations" and imposed the legal

financial obligations requested by the State. 3 RP at 446. Leffler filed a notice of appeal from

his bail jumping conviction and from the sentence imposed following his convictions for bail

jumping and third degree possession of stolen property.

While his appeal was pending, Leffler moved to withdraw his guilty plea. Leffler's

withdrawal motion claimed that he had received ineffective assistance of counsel at his trial, but

the motion did not explain how the alleged ineffective assistance related to his decision to plead

guilty. The following exchange took place at the plea withdrawal hearing:

> [Trial court]: Okay, but I'm told that that trial ended up in a hung jury and then you pled guilty. Your motion is to withdraw the guilty plea.
> [Leffler]: Right.
> [Trial court]: What is it about the guilty plea—that's what the Court's—you're asking—
> [Leffler]: Well, I'm not guilty of the crime at all. I mean, I didn't know that—
> [Trial court]: So—
> [Leffler]: —this thing was stolen, and I felt pressured because I got such a bad trial, a bad representation. He even appealed and said it was from, you know, ineffective assistance of counsel. I don't know what was going on there, but even—I reminded him, I don't know how many times, to make sure he got these things entered so that they would be, you know, available at the trial. And I didn't find out until I was on the stand that these things hadn't—he never entered them, you know, so therefore, I couldn't show the jury. I couldn't say anything because my attorney never entered these things that were—should have been entered, you know, at the omnibus and that he didn't do it. He didn't enter—he

3

> didn't get my witnesses, he didn't get nothing done, you know, and so I mean I was—it was anything but a fair trial.
>
>     [Trial court]: Okay. Alright, and then that trial ended up in a—
>
>     [Leffler]: You know, and then he told me he was withdrawing as my attorney as soon as it was over, so I mean I was like, you know—
>
>     [Trial court]: Okay.
>
>     [Leffler]: I didn't know what to do, but I sure didn't want to do that.

RP (June 6, 2017) at 24-25. After the State argued that Leffler had failed to present a legal basis to withdraw his plea, the exchange continued as follows:

>     [Leffler]: . . . I'm being punished and forced to take this plea because my attorney didn't do his job. I mean, that's just not right for—to happen. I mean, he didn't subpoena witnesses, you know, he didn't—witnesses that he had hired just to come do it—I mean, he just failed to get him. And I reminded him, and he still failed.
>
>     [Trial court]: Okay.
>
>     [Leffler]: Failed to enter my bill of sale. He failed to—all kinds of things. I mean, they're all listed there.
>
>     [Trial court]: Alright. Well—
>
>     [Leffler]: And I think that there would have been a different outcome had I been able to present those things. I mean, I'm sure there would have been.
>
>     [Trial court]: Okay, so there was a hung jury and then you pled guilty, and I think what you are telling the Court is that you were forced to take the plea, that's your words.
>
>     [Leffler]: Pretty much, yeah, because he told me he was withdrawing as my attorney and there was no other attorneys that were going to be representing me that we found out prior to [my defense counsel at trial]. And he said he was stepping down and withdrawing as my attorney right after sentencing, so I mean . . . .
>
>     [Trial court]: Alright, so what the—
>
>     [Leffler]: And I asked him to withdraw my plea before sentencing and he told me he wasn't going to do it.

RP (June 6, 2017) at 26-27. The trial court denied Leffler's motion to withdraw his guilty plea.

Leffler appeals from the trial court's order denying his motion to withdraw his guilty plea.

ANALYSIS

I. CRR 7.8

Leffler contends that the trial court erred by denying his CrR 7.8 motion to withdraw his guilty plea to third degree possession of stolen property. We disagree.

We review a trial court's decision on a motion to withdraw a guilty plea for an abuse of discretion. *State v. Forest*, 125 Wn. App. 702, 706, 105 P.3d 1045 (2005). A trial court abuses its discretion when it bases its decision on untenable grounds or reasons. *State v. Powell*, 126 Wn.2d 244, 258, 893 P.2d 615 (1995). Under CrR 4.2(f), a defendant is permitted to withdraw a guilty plea "whenever it appears that the withdrawal is necessary to correct a manifest injustice." CrR 7.8 governs postjudgment motions to withdraw a guilty plea and provides in relevant part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party from a final judgment, order, or proceeding for the following reasons:
> . . . .
> (5) Any other reason justifying relief from the operation of the judgment.

Because Leffler moved to withdraw his guilty plea after judgment was entered, he must meet the requirements for a plea withdrawal under both CrR 4.2(f) and CrR 7.8(b). *State v. Lamb*, 175 Wn.2d 121, 128, 285 P.3d 27 (2012). In other words, to succeed on his postjudgment motion to withdraw his guilty plea, Leffler must demonstrate *both* (1) that withdrawal of the plea is necessary to correct a manifest injustice *and* (2) that relief from the final judgment is justified by one of the reasons enumerated in CrR 7.8(b).

A manifest injustice allowing a defendant to withdraw a guilty plea is "an injustice that is obvious, directly observable, overt, [and] not obscure." *State v. Taylor*, 83 Wn.2d 594, 596, 521 P.2d 699 (1974) (citing WEBSTER'S THIRD INTERNATIONAL DICTIONARY (1966)). A defendant

carries a heavy burden in demonstrating a manifest injustice permitting the withdrawal of a guilty plea, which "burden is justified by the greater safeguards protecting a defendant at the time [the defendant] enters [his or] her guilty plea." *State v. Wilson*, 162 Wn. App. 409, 414, 253 P.3d 1143 (2011). A defendant may meet the burden of demonstrating a manifest injustice by showing that the plea was involuntary or was entered in violation of the right to effective assistance of counsel. *State v. Wakefield*, 130 Wn.2d 464, 472, 925 P.2d 183 (1996).

Here, Leffler asserts that the trial court erred in denying his withdrawal motion because his plea was not knowing, intelligent, and voluntary and because the plea was secured in violation of his right to effective assistance of counsel. But Leffler provides no argument, citations to the record, or legal authority supporting his assertion that his plea was not knowing, intelligent, and voluntary. Accordingly, we do not further address this claim. *See* RAP 10.3(a)(6) (appellant's brief should contain argument in support of issues presented in addition to citations to legal authority and to the relevant parts of the record); *State v. Harris*, 164 Wn. App. 377, 389 n. 7, 263 P.3d 1276 (2011) (assignment of error waived where appellant failed to present supporting argument and legal authority).[2]

Leffler also fails to provide any argument supporting his claim that he had received ineffective assistance of counsel warranting withdrawal of his guilty plea. Leffler notes that his

---

[2] Moreover, when, as here, a defendant completes a written plea statement and admits to reading, understanding, and signing it, a strong presumption arises that the plea was voluntary. *State v. Smith*, 134 Wn.2d 849, 852, 953 P.2d 810 (1998). And where, as here, the trial court inquired into the voluntariness of a defendant's guilty plea on the record, the presumption of voluntariness is nearly irrefutable. *State v. Perez*, 33 Wn. App. 258, 262, 654 P.2d 708 (1982). In the absence of any argument regarding the voluntariness of his guilty plea, Leffler cannot overcome this nearly irrefutable presumption that his plea was voluntary.

CrR 7.8 withdrawal motion was based on "his dissatisfaction with counsel's failure to introduce evidence which would have shown he lawfully possessed the item at trial, and witnesses he said would support that position." Br. of Appellant at 13. Leffler also notes that he had told the trial court at the plea withdrawal hearing that his attorney refused to file a plea withdrawal motion before sentencing and told him that he would terminate representation after sentencing. But Leffler fails to explain how any of this alleged conduct constituted deficient performance or resulted in prejudice affecting his decision to plead guilty after a mistrial. *See State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995) (To demonstrate ineffective assistance of counsel, a defendant must show both deficient performance and resulting prejudice.). Accordingly, Leffler's claim on this issue fails to comply with the requirements of RAP 10.3(a)(6) and we decline to address it further on that basis. *See also Harris*, 164 Wn. App. at 389 n. 7.

Leffler appears to argue that the trial court abused its discretion in denying his guilty plea withdrawal motion because it relied on the wrong legal standard by focusing solely on whether he had received a good deal by pleading guilty to a lesser charge. This argument lacks merit and misrepresents the record.

In ruling on Leffler's withdrawal motion, the trial court stated that it had looked to whether the plea was knowing, voluntary, and competent. In determining whether the guilty plea was knowing, voluntary, and competent, the trial court stated it had reviewed the transcript of Leffler's guilty plea hearing. The trial court highlighted portions of the guilty plea transcript, including portions of the transcript in which Leffler affirmed that he had (1) reviewed the guilty

plea form with his counsel, (2) reviewed the elements of third degree possession of stolen property with his counsel, and (3) had sufficient time to discuss his case with counsel.

The trial court noted that Leffler's plea withdrawal arguments focused on claims that counsel provided ineffective assistance during trial, but that the relevant inquiry involved the circumstances of the plea agreement. The trial court concluded that Leffler failed to present information sufficient for it to find that his counsel performed deficiently at trial, reasoning that Leffler eventually pleaded guilty to a lesser crime than that to which he was originally charged and tried. The trial court also concluded that Leffler's claim of ineffective assistance of counsel at trial did not justify withdraw of his guilty plea because Leffler "actually made a conscious step by [entering] a plea, and that plea was then addressed by the judge in open court." RP (June 13, 2017) at 29.

The record belies Leffler's contention that the trial court focused solely on whether he received a good plea by pleading guilty to a lesser charge. Rather, the trial court properly reviewed the circumstances of the plea to determine whether the plea was voluntary and whether counsel was ineffective in regard to assisting Leffler in deciding whether to plead guilty. *See, e.g.*, *State v. McCollum*, 88 Wn. App. 977, 982, 947 P.2d 1235 (1997) (To succeed on a claim of ineffective assistance of counsel in "the context of a guilty plea, the defendant must show that his counsel failed to 'actually and substantially [assist] his client in deciding whether to plead guilty.'") (alteration in original) ((internal quotations omitted) (quoting *State v. Osborne*, 102 Wn.2d 87, 99, 684 P.2d 683 (1984))). Accordingly, Leffler's argument on this issue lacks merit.

No. 49788-3-II
Cons. 50575-4-II

## II. Legal Financial Obligations

Next, Leffler contends that the trial court erred by imposing discretionary legal financial obligations despite his indigence. In light of recent statutory amendments, we agree and remand to the trial court to impose LFOs consistent with the recent legislative amendments.

The legislature recently amended former RCW 10.01.160(3) (2015), and as of June 7, 2018, this statutory provision prohibits a trial court from ordering a defendant to pay costs "if the defendant at the time of sentencing is indigent as defined in RCW 10.101.010(3)(a) through (c)." Prior to this legislative amendment, former RCW 10.01.160(3) prohibited trial courts from imposing costs on a criminal defendant "unless the defendant is or will be able to pay them." In *State v. Ramirez*, 191 Wn.2d 732, 747-49, 426 P.3d 714 (2018), our Supreme Court held that this amendment applies prospectively and is applicable to cases pending on direct review and not final when the amendment was enacted. Because the recently amended version of RCW 10.01.160(3) requires a trial court to make a threshold determination of whether a convicted defendant is indigent at the time of sentencing before imposing costs, and because the amended statute applies to Leffler's sentence, we reverse the imposition of LFOs in this matter and remand to the trial court to impose LFOs consistent with the recent legislative amendments.[3]

## III. SAG

Next, Leffler raises a number of ineffective assistance of counsel claims in his SAG, all of which either lack merit or rely on matters outside the record.

---

[3] We note that the legislature also recently amended former RCW 36.18.020(2)(h) to prohibit trial courts from imposing a $200 criminal filing fee on defendants who are indigent at the time of sentencing. Laws of 2018, ch. 269, §7.

9

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee criminal defendants the right to effective assistance of counsel. *State v. Grier*, 171 Wn.2d 17, 32, 246 P.3d 1260 (2011) (citing *Strickland v. Washington*, 466 U.S. 668, 685-86, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). To demonstrate ineffective assistance of counsel, Leffler must show (1) that his counsel's performance was deficient and (2) that the deficient performance resulted in prejudice. *Grier*, 171 Wn.2d at 32-33. Defense counsel's performance is deficient if it falls below an objective standard of reasonableness. *Grier*, 171 Wn.2d at 33. Prejudice ensues if there is a reasonable probability that, but for counsel's purportedly deficient performance, the outcome of the proceeding would have differed. *Grier*, 171 Wn.2d at 34. Because both prongs of the ineffective assistance test must be met, a failure to show either prong will end the inquiry. *State v. Davis*, 174 Wn. App. 623, 639, 300 P.3d 465 (2013).

There is a strong presumption that defense counsel's conduct was not deficient. *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004). To overcome this presumption, Leffler must show the absence of any "conceivable legitimate tactic explaining counsel's performance." *Reichenbach*, 153 Wn.2d at 130. Ineffective assistance of counsel claims present mixed questions of fact and law that we review de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

A.     *Bail Jumping*

Regarding his bail jumping conviction, Leffler contends that his defense counsel was ineffective for failing to (1) inform the jury that he was not released by court order, (2) inform the jury that he was never given bail, (3) inform the jury that he had 30 court appearances, (4)

10

inform the jury that he was unaware that he had missed a court appearance, (5) present evidence that he was unaware that he had missed a court appearance, and (6) inform the jury that defense counsel was to blame for his missed court appearance.

1. *Release by Court Order or Admitted to Bail*

Leffler first contends that his defense counsel was ineffective for failing to inform the jury that he was not released by court order or admitted to bail. We disagree. To convict Leffler of bail jumping as charged here, the State had to prove beyond a reasonable doubt that he (1) was held for, charged with, or convicted of a Class B or C felony; (2) was released by court order *or* admitted to bail with the requirement of a subsequent personal appearance; and (3) knowingly failed to appear as required. RCW 9A.76.170; *State v. Hart*, 195 Wn. App. 449, 456, 381 P.3d 142 (2016), *review denied*, 187 Wn.2d 1011 (2017). At trial, the State presented a court order that set Leffler's conditions of release, which was admitted as exhibit 1. Because this exhibit purported to show that Leffler was released by court order, defense counsel lacked a factual basis to argue to the jury that he had not been released by court order. And to the extent that Leffler is claiming that exhibit 1 fails to demonstrate that he had been released by court order, we cannot review the claim because he did not designate the exhibit for the record on appeal. Accordingly, Leffler fails to show his defense counsel performed deficiently by failing to inform the jury that he had not been released by court order, and his ineffective assistance of counsel claim on this ground fails.

Additionally, because the State was required to prove *either* that Leffler was released by court order *or* had been admitted to bail, he cannot show deficient performance or resulting prejudice based on his counsel's failure to inform the jury that he had not been admitted to bail.

2. *Court Appearances*

Next, Leffler contends that his counsel was ineffective for failing to inform the jury that he had made 30 court appearances. This claim lacks merit as Leffler's successful court appearances had no bearing on whether he failed to appear in court as required on July 5, 2016.

3. *Knowledge of Missed Court Appearance*

Next, Leffler contends that his counsel was ineffective for failing to inform the jury or present evidence that he was unaware that he had missed a required court appearance. We disagree. To meet the knowledge element of bail jumping, the State need only prove that a defendant has been given notice to appear at his required court dates. *State v. Cardwell*, 155 Wn. App. 41, 47, 226 P.3d 243 (2010), *modified on remand on other grounds*, 166 Wn. App. 1011 (2012). At trial, the State presented evidence that Leffler had signed an order setting a date for trial at which he was required to attend. This was sufficient proof that Leffler had been given notice of his requirement to appear, thus meeting the knowledge element of bail jumping. Evidence that Leffler was unaware that he had missed a required court appearance after the fact would not negate the State's evidence that he had received the required notice. Accordingly, Leffler cannot demonstrate ineffective assistance of counsel on this ground.

4. *Counsel Responsible for Leffler's Missed Appearances*

Next, Leffler contends that his counsel was ineffective for failing to inform the jury that counsel was to blame for his missed court appearance. Because there is nothing in the record supporting Leffler's contention that his defense counsel was to blame for his missed court appearance, we do not address this claim. *See McFarland*, 127 Wn.2d at 335 ("If a defendant wishes to raise issues on appeal that require evidence or facts not in the existing trial record, the

12

appropriate means of doing so is through a personal restraint petition."). Because Leffler fails to demonstrate ineffective assistance of counsel, we affirm his bail jumping conviction.

B.      *Possession of a Stolen Vehicle*

Regarding his possession of a stolen vehicle charge, Leffler contends that his defense counsel was ineffective for failing to (1) present evidence of his bill of sale for the allegedly stolen vehicle, (2) subpoena witnesses to testify at trial, (3) demand that the State present evidence of the vehicle identification number of the allegedly stolen vehicle, (4) demand that the State present a photograph of the allegedly stolen vehicle, and (5) request reimbursement from the police for money Leffler had paid for a U-Haul that police subsequently used to deliver the stolen vehicle to its true owner. Additionally, Leffler contends that (6) his defense counsel was under the influence of narcotic drugs while representing him and that (7) defense counsel failed to defend him at trial.

1. *Matters Outside the Appellate Record*

We cannot address several of Leffler's claims because they require examination of matters outside the record on appeal. Regarding his claim that defense counsel failed to present evidence of his bill of sale, the record does not contain a copy of this alleged evidence. Regarding his claim that defense counsel failed to subpoena witnesses, Leffler does not identify any potential witnesses apart from the defense investigator, and the record does not reveal whether the defense investigator or any other potential witness could provide testimony beneficial to the defense. Regarding his claim that defense counsel failed to demand reimbursement from police for Leffler's expenses, there is nothing in the record to support the contention that he was owed any reimbursement. Finally, there is nothing in the record to

13

support Leffler's claim that his defense counsel was under the influence of narcotic drugs during his representation of Leffler. Moreover, Leffler does not explain how any of the above alleged instances of ineffective assistance of counsel affected his decision to plead guilty to third degree possession of stolen property following a mistrial on the possession of a stolen vehicle charge. Accordingly, we do not further address these claims.

2. *Demands Regarding the State's Presentation of Evidence*

Next, Leffler contends that his counsel was ineffective for failing to demand that the State present certain evidence at trial. This claim lacks merit as we can find no authority for the proposition that defense counsel has authority to direct the State's presentation of evidence at trial. Moreover, as with his claims above, Leffler does not explain how defense counsel's failure to demand the State present certain evidence at his trial for possession of a stolen vehicle affected his later decision to plead guilty to third degree possession of stolen property.

3. *Failure To Defend*

Finally, Leffler contends that his counsel was ineffective for doing "almost nothing" to defend him against the State's charges. SAG at 3. This claim also lacks merit. The record reveals that defense counsel filed several motions before and during trial, including motions for the expenditure of public funds to hire investigative experts, a CrR 3.6 motion to suppress evidence, and a motion to dismiss the bail jumping charge after the State rested its case. Defense counsel also cross-examined the State's witnesses and presented closing argument focusing on the State's lack of evidence that Leffler had known the vehicle he had possessed was stolen.

Because Leffler fails to demonstrate that his counsel was ineffective at trial, let alone show that such counsel's conduct at trial related to the circumstances of his guilty plea, we

14

No. 49788-3-II
Cons. 50575-4-II

affirm his third degree possession of stolen property conviction. In summary, we affirm Leffler's convictions but remand to the trial court to impose LFOs consistent with recent legislative amendments to the LFO statutes.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Melnick, J.

Sutton, J.