# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | NO. 53154-2-II |
| Respondent, | |
| v. | |
| TIMOTHY ROOSEVELT BAUGH, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—After convincing a 90-year-old woman to write him four checks totaling $3,650 for work on her home and yard that he never performed, Timothy Baugh was charged with three counts of second degree theft, each with the aggravating factor that the victim was particularly vulnerable. He pleaded guilty to two counts of second degree theft. The plea reduced the standard sentencing range that Baugh was facing from 60-120 months to 22-29 months. At the scheduled sentencing hearing, Baugh moved to withdraw his guilty plea. The trial court authorized the appointment of new counsel for the purpose of investigating a motion to withdraw the plea. Substitute counsel filed a motion to withdraw the plea based on ineffective assistance of counsel for failure to adequately investigate the case. The trial court denied Baugh's motion.

Baugh appeals arguing that the trial court erred by denying his motion to withdraw his guilty plea. We disagree and affirm, but we remand to the trial court to strike language from Baugh's judgment and sentence stating that interest will accrue on nonrestitution legal financial obligations.

FACTS

The State's probable cause declaration stated the basis for Baugh's charges as follows: Baugh knocked on the door of a 90-year-old woman and offered to clean her gutters and do some yard work for $900. Baugh asked the woman to pay the $900 upfront, which she did. Shortly thereafter, Baugh returned and asked for a second $900 check, claiming he had locked the original check and his keys in his vehicle. The woman wrote a second check. Baugh promised not to cash the first check. Over the following days, Baugh obtained two additional checks for $900 and $950. Baugh never did any work for the woman. The woman later discovered that Baugh had cashed four checks totaling $3,650.

The State originally charged Baugh with three counts of second degree theft with an allegation on each count that the victim was particularly vulnerable. The original charges would have subjected Baugh to a standard range sentence of 60-120 months.

Baugh ultimately agreed to plead guilty to two counts of second degree theft without the particularly vulnerable aggravator, which carried a standard range sentence of 22-29 months. Baugh agreed to pay $3,650 in restitution to the victim. At the plea hearing, the trial court stated that it had reviewed the original and amended informations, the defendant's statement on plea of guilty, and the prosecutor's statement regarding the amended information. After an extended colloquy between the trial court and Baugh, the trial court found Baugh's plea to be informed and not induced by a promise or a threat. The parties agreed to set over sentencing.

At the scheduled sentencing hearing, Baugh indicated to the trial court that he wished to withdraw his guilty plea. The trial court entered an order allowing defense counsel to withdraw from the case.

Substitute counsel later filed a CrR 4.2(f) motion to withdraw Baugh's guilty plea based on original counsel's ineffective assistance. In support of the motion, Baugh attached a copy of notes from a defense interview with the victim conducted after Baugh pleaded guilty. The investigator recounted his "quick conversation" with the victim who was 91 years old by then. Clerk's Papers (CP) at 52. During the conversation, the victim recalled writing four or five checks for Baugh. She did not recall Baugh telling her he would not cash a check that Baugh accidentally locked in his truck. The victim told the investigator she had no issues with her memory or any cognitive issues for which she took medication.

The trial court denied Baugh's motion to withdraw his guilty plea. The trial court accepted the recommended sentence of 22 months of confinement and found Baugh indigent. Baugh had previously paid the $3,650 in restitution. The trial court imposed only the mandatory $500 crime victim assessment. The judgment and sentence also included boilerplate language imposing interest on the financial obligations imposed.

Baugh appeals.

ANALYSIS

I. WITHDRAWAL OF GUILTY PLEA

Baugh argues that the trial court erred by denying his motion to withdraw his guilty plea because he received ineffective assistance of counsel due to his defense counsel's alleged failure to interview the victim before advising Baugh to plead guilty. We disagree.

We review a trial court's decision on a motion to withdraw a guilty plea for an abuse of discretion. *State v. Lamb*, 175 Wn.2d 121, 127, 285 P.3d 27 (2012). An abuse of discretion occurs when the trial court's decision "'is manifestly unreasonable or based upon untenable grounds or

reasons.'" *Lamb*, 175 Wn.2d at 127 (quoting *State v. Powell*, 126 Wn.2d 244, 258, 893 P.2d 615 (1995)).

Under CrR 4.2(f), "[t]he court shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice." "'Manifest injustice' means 'an injustice that is obvious, directly observable, overt, [and] not obscure.'" *State v. Pugh*, 153 Wn. App. 569, 577, 222 P.3d 821 (2009) (alteration in original) (quoting *State v. Taylor*, 83 Wn.2d 594, 596, 521 P.2d 699 (1974)). Manifest injustice may arise where a defendant received ineffective assistance of counsel. *State v. McCollum*, 88 Wn. App. 977, 981, 947 P.2d 1235 (1997). A defendant carries a "demanding" burden when seeking to withdraw a guilty plea "because ample safeguards exist to protect the defendant's rights before the trial court accepts the plea." *State v. DeClue*, 157 Wn. App. 787, 792, 239 P.3d 377 (2010).

To prevail on an ineffective assistance claim, the defendant must establish that counsel's performance was deficient and that the deficient representation prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In the context of a defendant's claim that his defense counsel rendered ineffective assistance during the plea bargaining stage, this test requires the defendant to show that (1) counsel failed to "actually and substantially [assist the] client in deciding whether to plead guilty," and (2) "but for counsel's failure to adequately advise [the defendant], [the defendant] would not have pleaded guilty." *State v. Cameron*, 30 Wn. App. 229, 232, 633 P.2d 901 (1981); *McCollum*, 88 Wn. App. at 982. Representation must include a discussion of the strengths and weaknesses of a defendant's case so that the defendant knows what to expect and can make an informed judgment whether or not to plead guilty. *State v. Edwards*, 171 Wn. App. 379, 394, 294 P.3d 708 (2012). The failure to investigate may amount to ineffective

4

assistance of counsel. *State v. A.N.J.*, 168 Wn.2d 91, 111, 225 P.3d 956 (2010). "The degree and extent of investigation required will vary depending upon the issues and facts of each case." *Id*.

Baugh contends that his defense counsel rendered ineffective assistance by failing to interview the victim before advising Baugh to plead guilty. Even assuming, without deciding, that defense counsel did not interview the victim and that this constituted deficient performance, Baugh fails to show that performance prejudiced him. Baugh relies on the "quick conversation" between the victim and the investigator to argue that a pre-plea victim interview would have revealed that the victim's memory was vague making her a weak prosecution witness. Br. of Appellant 10. However the results of the "quick conversation" show that the victim generally recalled the events. CP at 52. The victim told the investigator she had no issues with her memory and no cognitive issues. She recalled all the details of the thefts except Baugh telling her that he had locked one of the checks in his truck.

Contrary to Baugh's contention on appeal, the investigator's conversation with the victim did not reveal the victim to be an unreliable prosecution witness. As a result, Baugh has not shown a reasonable probability that he would not have pleaded guilty had his defense counsel interviewed the victim. Accordingly, Baugh failed to show a manifest injustice warranting withdrawal of his guilty plea, and we affirm the trial court's denial of his CrR 4.2(f) motion.

## II. INTEREST ACCRUAL

Baugh also argues, and the State concedes, that the trial court erred by imposing the accrual of interest on nonrestitution legal financial obligations. We accept the State's concession. In 2018, the legislature amended several statutes addressing legal financial obligations. LAWS OF 2018, ch.

269. As a result of the amendments, RCW 10.82.090 now prohibits interest from accruing on nonrestitution legal financial obligations.

We affirm Baugh's conviction but remand to the trial court to strike language from Baugh's judgment and sentence stating that interest will accrue on nonrestitution legal financial obligations.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Sutton, A.C.J.

Cruser, J.